No. 9406.

THE STATE OF LOUISIANA VS. JOHN DALY ALIAS SONNY DALY.

In criminal cases trial judges cannot be required to charge to the jury abstract principles of law, having no connection with or bearing on the state of facts disclosed, or the nature of the charge in the case on trial. State vs. Riculfi, 35 Ann. re-affirmed.

Tho fact that stolen goods are shortly after found in the possession of the accused in a case of larceny, creates a *prima facie* presumption of his guilt, and throws upon him the burden of accounting satisfactorily for the way that he came by said property, in default of which the legal presumption will be sufficient to justify conviction.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee.

*John J. Finney* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.  1. On his trial for larceny the accused asked the judge to give the following special charge to the jury :

" If the property alleged to have been stolen, be taken by another person than the accused and out of the latter's presence, but subsequently found in the possession of the accused, and if it be shown that he knew that the property was stolen, he may be convicted upon a charge of receiving stolen property, knowing the same to have been stolen, but should not be convicted of larceny." He complains of the refusal of the judge to give the charge.

His bill contains no averment that proof had been made of the fact embodied in his proposed charge, and as he was being tried for larceny, he could not be convicted of the crime defined in his legal proposition. Hence, under the circumstances, the judge in giving the charge as suggested would simply have instructed the jury on an abstract principle of law which had no special bearing on the case before them, and no application to, or connection with the state of facts which they were called on to consider.

The duty of the judge is to expound to the jury the law of the case, and he cannot be expected, as in fact he could not be allowed, to give them a general lecture on law.

This Court has been frequently called to consider the duty of trial judges in matters of this kind; and its examination of the jurisprudence, both in this State and in our sister States, has led to the adoption of the following rule, to which we shall uniformly adhere: "A

judge not only may, but should refuse to charge an abstract legal proposition, which has no bearing upon the case on trial, whether the proposition be correct or incorrect, or whether it be correct in part and incorrect in part."

We, therefore, approve of the judge's refusal to instruct the jury upon matters not developed by the facts of the case, and therefore foreign to the real question at issue. State vs. Riculfi, 35 Ann. 775.

That issue involved the question of the taking of the property by the accused. If the evidence failed to show the taking by him, either by direct testimony or by legal presumption, the case was with him, and the jury had nothing to do with the taking by another person.

2. The accused was also refused the following special charge;

"The mere possession of stolen property, without some corroborative evidence of his guilt, is not sufficient to warrant his conviction."

It was properly refused because it embodies a principle in direct antagonism with the well established rule on the legal presumptions in cases of larceny—and which we understand to be as follows:

"When there is no direct evidence of the larceny by some person who actually saw the defendant commit it, his guilt can only be proved from his own admissions, or by evidence of facts from which the jury may fairly presume it."

"When goods stolen are, very shortly afterwards, found in the possession of a man who is unable satisfactorily to show by evidence in what manner he came by them, the presumption is that he is the person who stole them." Archbold's Crim. Practice and Pleadings, Waterman's notes, p. 397.

Under that rule the possession, shortly after, of stolen goods by the accused, throws upon him the burden of showing the way that he came by such possession, in default of which, the *prima facie* presumption becomes absolute and justifies conviction.

But, under the theory advocated by defendant's counsel, the burden of proof of the guilt of the accused would still be on the State, even after proof of the possession by the accused of stolen goods, shortly afterwards.

The rule above quoted from Archbold, has been culled and crystalized from numerous decisions of courts of several States of the Union, and has been followed by this Court. State vs. Amelia Kimble, 34 Ann. 392.

In that case we said: "When stolen property is found in the possession of the person charged with larceny, it is for the accused to

show how he came by said property, and it is for the jury to decide whether his account or explanation of such a fact is reasonable or sufficient or not. Such account is not to be taken for true, simply because the prosecution does not rebut it."

It is true, as counsel contends, that the *prima facie* presumption from the possession of stolen goods may be overcome by the accused; but it is nevertheless true, that the burden is on him to make out the proof of rebuttal.

This is the true meaning and the spirit of the rule, and we find it .fully embodied in the general charge of the judge to the jury in this case. His charge is exhaustive, fair and impartial, and it affords no just cause of complaint to the accused.

Judgment affirmed.