The opinion of the court was delivered by
Watkins J.
The defendant being convicted of larceny and sentenced to six months’ imprisonment at hard labor prosecutes this appeal.
The information charges Willie Gibson and Willie Dillon jointly with the larceny of a skiff, but the prosecution against the former was abandoned by the State, and urged against the latter, alone.
The defendant filed a motion for new trial on the ground that the State utterly failed to make out against him “ any intent to convert the skiff to his own use; ” and the same having been overruled by the trial judge, he retained a bill of exceptions. It also appears from the motion, that the court, on the exception of the State, excluded from consideration by the jury, the proposed exculpatory statement of the defendant as a witness in his own behalf, to the effect “ that his intent in taking the skiff was to escape ” an arrest upon a warrant for robbery.
*1366 The statement in the bill of exceptions is, that the defendant, being on the stand as a witness in his own favor, proposed to make the following statement, viz.:
“ That at the time he took the skiff, a charge was pending against him in the justice court for robbery, and his intention in taking the skiff was not to convert same to his own use, but merely to escape arrest; ” and same having been objected to as irrelevant, the objection was sustained by the court.
The following are the reasons assigned by the judge, viz.:
“ 1. That the testimony is clearly immaterial.
“2. That the intent with which the property was taken must be determined by the jury from all the surrounding circumstances; and the declarations of the defendant as to another intent can not affect the case, and is in the nature of manufactured testimony.
“3. That if there is any criminal 'charge pending against him the declaration of the defendant is not the best evidence,” etc.
To this ruling of the judge the defendant excepted and tendered a bill of exceptions.
Was this ruling correct, and the evidence properly rejected; or was the defendant entitled to have it go to the jury — leaving it to them to judge of the weight it was entitled to, as well as of his credibility as a witness?
Our statute declares “ that the competent witness in all criminal matters shall be a person of proper understanding,” etc. Sec. 1, Act 29 of 1886.
It further provides, “ that the circumstance of the witness being a party accused, shall in no wise disqualify him from testifying;” and “ if the person accused avails himself of this advantage he shall be subject to all the rules that apply to other witnesses,” etc. It further provides, that “ all testimony shall be weighed and considered according to the general rules of evidence; and the trial judge shall so charge the jury.” Sec. 2, Ibid.
In State vs. Walsh, 44 An. 1122, the court said that “his credit” —that of an accused — “like that of other witnesses, is for the jury” (at page 1135).
The correctness of the ruling of the court upon the motion for a new trial depends upon the correctness of his prior ruling as to the admissibility of the aforesaid statement of the defendant; for if that *1367 statement was correctly disallowed, there is no doubt of his having correctly refused the application for a new trial.
His bill of exceptions embraces both propositions.
The trial judge distinctly grounded his ruling on the theory, “that the intent with which the property was taken must be determined by the jury from all the surrounding circumstances, and that the declaration of the defendant as to another intent can not affect the case.”
There was no question of res gestae in the lower court, and no objection that.the statement of the defendant was hearsay was made.
The following is an extract from the proposed statement of the defendant, which is taken from the brief of his counsel, viz.:
“ He offered this statement to the jury in substance: ‘ There was a warrant against me for robbery; my idea was to get out of the parish of West Baton Rouge to escape arrest. I took Willie Gibson along with me to send the skiff back by him. I had no intention to steal the skiff.’ ”
The foregoing is, in effect, corroborated by the statement we have extracted from the brief of the State, viz.:
“ The nature of the testimony was about as follows: ‘That in taking the property the accused had no felonious intention of converting the skiff to his own use, or to deprive the owner of it; that, on the contrary, he intended to send the skiff back by a party he had taken along with him for that purpose; that his object was to get away from the parish of West Baton Rouge, where a charge of robbery was pending against him, and he knew a warrant was out for his arrest.’ ”
Taken altogether, the different statements in the record disclose, that the defendant was found in possession of the skiff which had been recently stolen, apparently, thus giving rise to the supposition that he was the thief. By his own testimony upon the witness stand, the .defendant proposed to show that he had no felonious intention in taking it, and none of converting the property to his own use, or of depriving the owner of it. That, in order to show his contrary intention, he proposed to state, that he was using the skiff as a means of making his escape from the parish of West Baton Rouge, where there was a charge of robbery pending against *1368 him, and that he had with him in the skiff Willie Gibson to bring the skiff back again to the owner.
■ The information discloses that Willie Gibson was jointly charged with Willie Dillon with the commission of the larceny of the skiff, thus supporting the proposed statement of the defendant, in part; and the record shows the discontinuance of the prosecution as to the former, giving rise to an inference that it was correct in other particulars.
We do not understand that the proffered evidence in any way involves the existence or verity of defendant’s prosecution for robbery, and hence the statement could not be regarded as secondary evidence, in any sense.
It is only to the effect that he was endeavoring to escape arrest under a warrant for robbery, and, in so doing, took the skiff and used it, intending to .send it back by his; friend Gibson, whom he had carried along for that purpose. Whether or not there was such a prosecution in fact would have been the next step in the course of the introduction of testimony; but the trial judge having disallowed the defendant’s statement altogether, its introduction became unnecessary afterward.
However, the record was annexed to the transcript with the consent of this court, and the information against Willie Dillon, the defendant, and other proceedings in the cause of State vs. Will Dillon, No. 864 D. C., charging him with the robbery of Albert Washington of one cheek for eighteen dollars, in the parish of West Baton Rouge, on the 18th of June, 1896, form parts thereof, and which information bears date of filing September 14, 1896, the same exactly as the date of filing the information in this case — it charging against the defendant the larceny of the skiff on the 23d of June, 1896 — just five days subsequent to the date the robbery is laid.
The defendant’s bill of exceptions relates that at the time he took the skiff a charge was pending against him in the Justice court for robbery, and his intention in taking the skiff was not to convert same to his own use, but merely to escape arrest,” etc. Now, as one information charges a robbery to have been committed on the 18th of June, 1896, and the other that the larceny was committed on the 23d of June, 1896 — just five days intervening — and both informations having been filed in court on the 14th of September, 1896, is there not a reasonable probability of the proposed statement of the defendant being true in this particular?
*1369 His statement was directed at the existence of preliminary proceedings in the justice court antecedent to the filing of informations, founded possibly upon an affidavit; and had no possible reference to these informations subsequently found.
There may be something serious in this defence, or there may be none, but of one thing we feel quite certain, and that is that the trial judge erroneously disallowed the defendant’s evidence. It should have been allowed to go to the jury for what it was worth.
It is therefore ordered and decreed that the verdict of the jury and the judgment and sentence thereon based be set aside, and the cause remanded for a new trial.