State vs. Kelly.

No. 12,696.

STATE OF LOUISIANA VS. JAMES KELLY, ALIAS WILSON, ALIAS
RAYMOND.

With testimony before the jury tending to show the accused, charged with larceny, was found in possession of the property recently stolen and failed to account for that possession, it would be erroneous to charge the general rule that to convict on circumstantial evidence alone, the evidence must consist with guilt, and exclude any reasonable theory of innocence, without charging also that the law presumes guilt from one circumstance, *i. e.*, the possession of property recently stolen and no account by the accused for that possession. Roscoe, Criminal Evidence, p. 18; 1 Greenleaf on Evidence, Sec. 34.

The court again affirms that requested instructions not a full exposition of the law applicable to the case, but requiring explanation and qualification, are properly refused. 35 An. 769, 775; 36 An. 84; Thompson on Juries, Sec. 23.

State vs. Kelly.

The charge will not be deemed to trench on the facts which announcing to the jury a legal presumption on which they can act, is qualified by the caution, if the fact is proved, giving rise to the presumption. Const., Art. 168; Revised Statutes, Sec. 991.

APPEAL from the Criminal District Court for the Parish of Orleans. *Moise, J.*

*M. J. Cunningham*, Attorney General, *R. H. Marr*, District Attorney, and *John J. Finney*, Assistant District Attorney (*Paul W. Roussell* and *P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*Chandler C. Luzenberg* for Defendant, Appellant.

Submitted on briefs January 29, 1898.
Opinion handed down April 4, 1898.
Rehearing refused May 2, 1898.

The opinion of the court was delivered by

MILLER, J. The accused, sentenced for larceny, takes this appeal.

Exceptions were reserved on behalf of the accused to the exclusion of testimony that the accused was charged before the recorder with the theft of the property from a party other than the person alleged in the indictment to be the owner. The testimony was merely hearsay to the effect that the property was claimed before the recorder by an alleged owner, not the owner specified in the indictment, but the person making the claim before the recorder was not produced as a witness, nor was there any testimony to support his claim of ownership. The ruling, then, was merely the exclusion of hearsay, and was manifestly correct.

Another bill was reserved to the charge of the court, that though no inference unfavorable to the accused was to be drawn from the fact the accused did not testify on his own behalf, "but this did not relieve a person from accounting for stolen property found on him." In signing the bill the judge states that his charge was oral; that in the short extract in the bill the court is made to assume that stolen property was found on the accused, but the judge states he charged substantially, after excluding any unfavorable inference from the

fact the accused did not go on the stand, " that on the other hand, the rule forbidding such inference does not relieve him from accounting satisfactorily for the possession of stolen property, if that fact had been established either by his own or other testimony. The accused relies on the provision of our law that the judge shall not comment on the facts, and the line of authorities forbidding any statement, direct or indirect, trenching on the facts. Revised Statutes, Sec. 991; Constitution, Art. 168; State vs. Swayze, 30 An. 1328; State vs. Asberry, 37 An. 124; State vs. Brown, 41 An. 410;. State vs. Collins, 47·An.'578. But the important feature which distinguishes this charge from instructions deemed violative of the law restricting the trial judge is the hypothetical clause ''if the fact,'' i. e., the possession, '· has been proved.'' In this view, the charge announced a legal presumption, with the caution to the jury against the application of the presumption unless the fact on which it rested had been proved. 1 Greenleaf, Sec. 34.

The other exception reserved is to the refusal of the instruction requested on behalf of the accused, that in cases depending on circumstantial evidence to justify the inference of guilt, the inculpatory facts must be incompatible with the innocence of the accused, and incapable of explanation on any other reasonable theory than that of his guilt. The charge it will be perceived tends to restrict the view of the jury to the general force of circumstantial evidence, but omits any reference to that presumption the law attaches to one circumstance when proved. If possession of property recently stolen is satisfactorily proved, that circumstance, i. e. of possession, gives rise to the presumption of guilt. As we read the bill there was testimony to show that possession. The State claims it was proved by direct evidence that when the arrest was made the accused threw away a package which was recovered, and identified by the owner as that stolen from him. Whether this was established, it was the function of the jury to determine, but with testimony of that tendency administered, the charge would have been misleading. Possession of stolen property is but a circumstance, but that circumstance, when the property is recently stolen and not accounted for, leads to a presumption of guilt. In the posture of the testimony when the instruction was asked and refused, it would have been erroneous to charge in effect that all the circumstances must be incompatible with innocence, and consist only with guilt; for on the

single circumstance alone of possession with the other qualifications, the law founds the presumption of guilt on which the jury can act. At least, the requested charge required such explanation and quali- fication as authorized its refusal.   1 Greenleaf on Evidence, Sec. 34; Roscoe Crim. Evidence, p.  18; State vs. Riculfi and McClung, 35 An. 775; State vs. Jackson, 35 An. 769; State vs. Chevallier, 36 An. 84; 2 Thompson on Juries, Sec. 2349.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.