(80 South. 268)

No. 22589.

STATE ex rel. COCO, Atty. Gen., v. FARM-ERVILLE LIGHT & POWER CO., Inc.

(Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⬤⟿1213 — PENALTY — CON-STITUTIONALITY.

Act No. 267 of 1914, § 22, penalizing any domestic or foreign corporation, other than those reporting to the Railroad Commission, operating a public utility, for failure to report its receipts, etc., is not violative of the federal Constitution and Const. La. art. 12, prohibiting excessive fines and cruel and unusual punishments, as exacting an excessive penalty.

2. CORPORATIONS ⬤⟿396—REPORT—LIABILITY TO PENALTY—NOTICE—STATUTE.

A domestic or foreign corporation, other than a corporation reporting to the Railroad Commission, operating a public utility, is liable to the penalty of Act No. 267 of 1914, § 22, for failure to report receipts, etc., though no notice was given it to do so; the notice mentioned in section 21 being only to officers when the object is to render them liable to penalty.

Appeal from Fourth Judicial District Court, Parish of Union; J. B. Crow, Judge.

Suit by the State, on the relation of A. V. Coco, Attorney General, against the Farmerville Light & Power Company, Incorporated. From judgment of dismissal, plaintiff appeals. Judgment set aside, and case remanded for trial.

A. V. Coco, Atty. Gen., for appellant.
H. G. Fields, of Farmerville, for appellee.

PROVOSTY, J.    Sections 21 and 22 of Act 267, p. 529, of 1914, provide:

"Sec. 21.    Be it further enacted, etc., that every corporation organized under the laws of this state shall, annually, within thirty days after the time fixed for the annual meeting of the stockholders, file with the secretary of state a report made and verified by the president or vice-president, the secretary or assistant secretary of the corporation. The report shall state:

"(a) The amount of its authorized capital stock and the amount actually issued and outstanding, and whether fully paid or not, and if not, what proportion is fully paid;

"(b) The names and addresses of the officers and directors of the company;

"(c) The nature and character of the business carried on by the corporation;

"(d) The city and street address of its domiciliary office in the state of Louisiana.

"If any report be not made and filed as prescribed in this section, either or both of such officers, who shall thereafter neglect or refuse to make and file such a report within fifteen days, after written request so to do, shall have been made by the secretary of state shall be under penalty of $50, recoverable by the Attorney General or the district attorney of the parish wherein the corporation has its domicile or main office, for the use and benefit of the state every day the officer, or officers, shall so neglect or refuse to make and file the statement hereinabove described."

"Sec. 22. Be it further enacted, that any domestic or foreign corporation (other than corporations reporting to the Railroad Commission) operating public utilities in this state under a franchise granted by the state, or any parish or municipal corporation shall, in the statement prescribed by the preceding section, state further:

"(a) Its receipts during the preceding calendar year.

"(b) Its disbursements.

"The latter shall state separately the amounts spent for:

"1. Maintenance and improvement of its plant and property.

"2. Extensions and increase of the plant and property.

"3. Salaries and wages.

"4. Interest on bonds or other debts.

"5. Dividends on stock.

"6. Taxes of all kinds.

"7. Materials and supplies used in the manufacture of any product during the preceding year.

"8. All expenses other than those above enumerated.

"9. Number of officers and employés of all kinds.

"Corporations of the class mentioned in this section shall file their report between the first of January and the first of April of each year. The failure to so make the report prescribed by the preceding section and containing the information and statements prescribed in this section, shall subject a corporation to a penalty of two hundred and fifty dollars ($250.00) and twenty-five dollars in addition thereto for every day that it fails to file the report after the expira-

tion of the month of March. The Attorney General, in the name and in behalf of the state, may sue to recover the penalty in any court of competent jurisdiction, or he may instruct any district attorney of the parish wherein the corporation has its domicile or main office to bring such suit, and in addition to the recovery of the penalty, the delinquent corporation shall be condemned to pay to the prosecuting attorney a fee of ten per cent. on the amount of the penalty which it may be condemned to pay."

The defendant company being a public utility corporation, and not being one of those "reporting to the Railroad Commission," owed the duty to report, as required by this section 22. It failed to do so, and this suit has been brought for the recovery of the penalty denounced by said section.

An exception of no cause of action was sustained below. For what reason we are not informed, unless by what we find in defendant's brief.

It is there argued that said section 22 is unconstitutional; or, if constitutional, that the penalty it denounces is incurred only when the corporation fails to file a report after having been duly notified to do so, and that the petition does not allege that defendant was so notified.

The ground of unconstitutionality is that the penalty imposed by said section is excessive, and therefore against public policy, and violative of the federal organic law, and of article 12 of our state Constitution.

[1] What the penalty in any given case should be is a matter within the legislative discretion, with which the courts will not interfere in the absence of clear abuse (12 C. J. 932); and no abuse appears in this case.

[2] As to the necessity of notice being given, we do not find any mention of notice in section 22, and the notice spoken of in section 21 is only to the officers when the object is to render them liable to the penalty personally.

The judgment appealed from is therefore set aside, and the case is remanded for trial.