(110 So. 482)

No. 28098.

## STATE v. ROCK.

(Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⟨key⟩589(5)—Jury ⟨key⟩95—Refusal to set aside venire or postpone trial for receiving stolen property on ground that jurors heard testimony in larceny trial held not error.**

Where veniremen, not serving as jurors in larceny trial, left courtroom by judge's order when it developed that testimony would relate also to receipt of stolen property, all jurors therein were excused from service in subsequent trial for receiving such property, and no veniremen serving on jury in latter trial failed to qualify on voir dire, judge did not err in refusing to set aside venire and postpone trial to another week on ground that veniremen heard testimony in larceny trial.

2. **Jury ⟨key⟩135—Sustaining one peremptory challenge and overruling another held not error, in view of judge's explanation and re-examination and acceptance of juror as to whom challenge was overruled.**

Sustaining one peremptory challenge and overruling another *held* not error, in view of judge's explanation that last peremptory challenge allowed defendant by law was used on one, as to whom challenge was sustained, and re-examination and acceptance of one, as to whom challenge was overruled, by defendant's attorney.

3. **Criminal law ⟨key⟩730(1).**

District attorney's remark, not persisted in after instruction to disregard it, *held* not ground for reversal of conviction.

4. **Criminal law ⟨key⟩758, 778(5), 811(6).**

Charge that burden was on defendant to show how he obtained possession of stolen goods; that whether explanation was reasonable or witness credible was for jury; and that explanation was not to be taken as true simply because not rebutted, *held* error in putting burden of proof on defendant, commenting on testimony, questioning defendant's credibility, and referring especially to his testimony.

5. **Criminal law ⟨key⟩787(2)—Charge that rule that no unfavorable inference can be drawn from accused's failure to testify does not relieve him from satisfactorily accounting for possession of stolen property by his own or other testimony held reversible error (Act No. 185 of 1902, § 2).**

In trial for receiving stolen property, charge that rule that no unfavorable inference can be drawn from accused's failure to testify does not relieve him from satisfactorily accounting for possession of property by his own or other testimony *held* reversible error, as telling jury that defendant, notwithstanding guaranty in Act No. 185 of 1902, § 2, that his failure to testify shall not be construed against him, must be presumed to have received property with knowledge that it was stolen, unless he testified and satisfactorily accounted for his possession thereof.

6. **Criminal law ⟨key⟩325—Unfavorable presumption from possession of recently stolen property cannot prevail against statutory mandate that failure to testify shall not be construed against defendant (Act No. 185 of 1902, § 2).**

Unfavorable presumption from defendant's possession of recently stolen property cannot prevail against positive mandate of Act No. 185 of 1902, § 2, that his failure to testify shall not be construed against him, and that judge shall so charge jury.

7. **Receiving stolen goods ⟨key⟩8(4).**

Defendant's possession of recently stolen property does not necessarily create presumption that he received it with knowledge that it was stolen.

8. **Criminal law ⟨key⟩317.**

Presumption of guilt arising from possession of stolen property must result from proven facts, not from defendant's failure to testify.

9. **Receiving stolen goods ⟨key⟩9(2).**

In trial for receiving stolen property, defendant was entitled to instruction that state

must prove that he knew, when he received goods, that they were stolen.

**10. Criminal law ⊕═══1134(3).**

Question which cannot arise in new trial, granted for other error, need not be decided.

Appeal from Ninth Judicial District Court, Parish of Rapides; Leven L. Hooe, Judge.

Everice Rock was convicted of receiving and possessing stolen property, knowing that it was stolen, and he appeals. Verdict and sentence annulled, and case remanded for new trial.

T. A Carter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

O'NIELL, C. J. The appellant was convicted of the crime of receiving and having in his possession stolen property, knowing that it was stolen. The record contains five bills of exception.

[1] The first bill was reserved to the overruling of a motion in which the defendant asked the court to discharge the jury venire drawn for the week, or to postpone the trial of his case to another week. The complaint was that the veniremen had heard the testimony in the trial of the man who was accused of stealing the goods, and who was tried and convicted on the day before the trial of the defendant in this case. The testimony taken on the trial of the motion shows that the members of the jury venire, excepting those who served as jurors in the trial of the man charged with the larceny, were ordered by the judge to leave the courtroom and did leave, during the trial of that case, as soon as it developed that the testimony would relate also to this case. The judge excused from service as jurors in this case all of the veniremen who were members of the jury that tried the case of larceny. Those who did not serve on the jury in the larceny

case heard very little of the testimony in that case, and were not thereby disqualified for service as jurors in this case, without being examined on their voir dire. It is not contended that any member of the venire who served on the jury in this case failed to qualify on his voir dire. The judge did not err in refusing to set aside the venire or to postpone the trial to another week.

[2] The second bill of exceptions has reference to two rulings made during the impaneling of the jury, which rulings the learned counsel for appellant contends constituted a selecting of the jury by the judge himself. It is said in the bill of exceptions, as prepared by the defendant's attorney, that, after he had used all of the peremptory challenges allowed him by law, he challenged peremptorily one Hines when tendered as a juror, and the challenge was sustained by the court; whereupon one Hathorn was tendered as a juror and was also challenged peremptorily by defendant's attorney, and, on objection of the district attorney, the judge overruled the challenge because the defendant's attorney had already used all of the peremptory challenges allowed him by law. The judge says, in the per curiam, that the reason why he sustained the peremptory challenge as to Hines but not as to Hathorn was that the last of the peremptory challenges that were allowed the defendant by law was used on Hines. That is a satisfactory explanation; besides which, it appears that, after the judge overruled the peremptory challenge as to Hathorn, the defendant's attorney re-examined him on his voir dire and announced that he was acceptable to the defendant. There is no error shown by this bill of exceptions.

[3] The third bill has reference to a remark made by the district attorney in his argument to the jury. There is a dispute as to what the remark was; but that is a matter of no importance because, when the attorney for the defendant objected to the re-

mark, the judge promptly instructed the jury to disregard it. Assuming that the remark was improper, it was not persisted in, and was not apt to cause such prejudice that the judge could not undo the harm by his timely instruction to the jury.

[4] The fourth bill of exceptions relates to a refusal of the judge to give the jury a special charge requested by the defendant's attorney, and to the judge's giving in lieu thereof a very prejudicial charge. The charge requested was that the fact that the defendant had the stolen articles in his possession did not create a presumption that he knew that they were stolen at the time when he received them, and that it was incumbent upon the state to prove that the defendant knew when he received the goods that they were stolen, just as it was incumbent upon the state to prove any other essential fact or element of the crime charged in the bill of information. The judge did not only refuse to give the charge requested but, in lieu thereof, charged the jury that the burden was on the defendant to show how he came into possession of the property, and that it was the province of the jury to decide whether the explanation was reasonable, or whether the witness was credible; and the judge further charged the jury that the explanation given by the defendant was not to be taken as. true simply because it was not rebutted, and that, although no unfavorable inference could be drawn from a failure of the defendant to testify, the rule did not relieve him from satisfactorily accounting for the possession of stolen property, either by his own or other testimony. The judge says, in the per curiam, that, when he gave those special instructions to the jury, he had already instructed the jury, in his general charge, that the defendant was presumed to be innocent and that the state had to make out a case of guilt beyond a reasonable doubt.

Our opinion is that the special charge which the judge gave the jury in lieu of the charge requested by the defendant's attorney went too far, not only in putting the burden of proof upon the defendant, but also in commenting upon the testimony, and particularly in telling the jury that the explanation which the defendant had given in his testimony, as to how he came into possession of the property, was, as the judge said, "not to be taken as true simply because not rebutted." That was a strong suggestion on the part of the judge that the defendant's testimony was not worthy of belief, even without being rebutted by other evidence. He had testified that the articles found in his possession and alleged to have been stolen —consisting of automobile tires or casings and tubes—were pawned to him for a loan made by him to the man who was afterwards accused and convicted of having stolen the articles. It was extremely prejudicial to the defendant for the judge to refer especially to his testimony by saying, as the judge did say:

"It is for the jury to decide whether this explanation is reasonable or the. witness credible, and the explanation is not to be taken as true simply because not rebutted."

That part of the charge was taken from 1 Marr's Criminal Jurisprudence (2d Ed.) p. 279, § 169 (1st Ed. p. 200, § 121), and was taken originally from the syllabus of the decision in State v. Kimble, 34 La. Ann. 392. The doctrine stated in the syllabus is not in accord with the decision itself, and is not a proper charge to be given to the jury in any case where the defendant, accused either of larceny or of knowingly receiving stolen property, has given in his testimony an explanation as to how he came into possession of the property.

[5] The latter part of the charge complained of was particularly objectionable, viz.:

"And, though no unfavorable inference can be drawn from failure of accused to testify, yet this rule does not relieve him from satisfacto-

rily accounting for the possession of stolen property, either by his own or other testimony."

[6, 7] The judge thus virtually told the jury that, notwithstanding the statutory guaranty (in the Act 185 of 1902) that the failure of an accused person to testify shall not be construed against him, nevertheless the defendant in this case was obliged to testify and satisfactorily account for his possession of the stolen property, or be presumed, not to have stolen the property, but to have received it with knowledge that it was stolen by the person from whom he received it. The unfavorable presumption that may arise from the circumstance of a person's having in his possession property that was recently stolen cannot prevail over the positive mandate in the statute (section 2 of Act 185 of 1902) that the failure of a defendant in a criminal prosecution to testify shall not be construed against him, and that the judge shall so charge the jury. As a matter of common sense, a person's having in his possession property that was recently stolen may, under appropriate circumstances, but not in all cases, create a presumption that he stole the property. But the fact, alone, that a person has in his possession property that was recently stolen, does not necessarily create a presumption that he received it with knowledge that it was stolen by some one else. If the doctrine stated in the charge complained of in this case were correct, the unfavorable presumption arising from a person's having possession of stolen property would depend upon the charge laid in the indictment, and would be either that the possessor stole the property or that he received it with knowledge that it was stolen by some one else, according to whether he was indicted for larceny or for receiving property knowing that it was stolen.

The whole special charge complained of in this case was read from the section of Marr's Criminal Jurisprudence, which we have cited, where it is said that the excerpts are taken from the decisions in the following cases: State v. Going, Man. Unrep. Cas. 141; State v. Johnson, 34 La. Ann. 48; State v. Kimble, 34 La. Ann. 392; State v. Moultrie, 34 La. Ann. 490; State v. Daly, 37 La. Ann. 576; State v. Dillon, 48 La. Ann. 1365, 20 So. 913; and State v. Kelly, 50 La. Ann. 597, 23 So. 543. In none of those cases was the statutory mandate referred to, requiring the trial judge to charge the jury, in criminal prosecutions, that the failure of the defendant to testify shall not be construed against him, and, if he does testify, that his testimony "shall be weighed and considered according to the general rules of evidence." In State v. Going, supra, the defendant, being tried for larceny, asked the judge to charge the jury:

"That under the law the accused is required to account for stolen goods found in his possession, only when they have been recently stolen."

The judge charged that the presumption of guilt arising from the possession of stolen goods was lessened in proportion to the length of time that elapsed between the date of the larceny and the finding of the goods. The decision is not authority for the proposition that, in a prosecution for larceny or for knowingly having stolen goods in one's possession, the judge may charge the jury that a presumption of guilt arises if the defendant does not testify, when the state has proven that the stolen goods were found in his possession. If a presumption of guilt arises in such case, it must arise from the facts and circumstances under which the stolen goods were found in the defendant's possession, but not from the failure of the defendant to testify. In State v. Johnson, supra, the question was whether the judge had erred in admitting evidence that the defendant, on trial for burglary and larceny, resisted a search for the stolen goods on his premises. In deciding that the evidence was ad-

missible, the court said, very truly, that if the stolen goods were found on the defendant's premises it was a circumstance against him, and that if he resisted the search it strengthened the presumption of guilt. The case is not at all pertinent to the question in this case. In State v. Kimble, supra, the defendant, on trial for larceny, asked the judge to charge the jury thus:

"The general rule is that, where a man, in whose possession stolen property is found, gives a reasonable account of how he came by it, it is incumbent upon the prosecution to show that his account is false."

The court's holding that there was no such general rule did not mean that the judge should charge the jury per contra, that the explanation given by the defendant in such case, as to how he came into possession of the stolen goods, "is," as stated in the syllabus, "not to be taken for true simply because the prosecution does not rebut it." In State v. Moultrie, supra, the defendant was charged with the crime of knowingly receiving stolen property, and the charge to the jury which this court approved was:

"That possession of stolen property was not conclusive proof either of larceny or of receiving goods knowing them to be stolen by the possessor, but was a fact to be passed on by the jury in the light of surrounding facts and circumstances."

In State v. Daly, supra, the defendant, on trial for larceny, asked the judge to charge the jury, according to the facts stated in his request, that he might be convicted on a charge of having received stolen property, knowing the same to have been stolen, but could not be convicted of larceny. The judge refused to give the charge to the jury, and this court sustained the ruling on the ground that it was not required, or even proper, for the judge to charge the jury on a proposition of law not pertinent to the facts of the case. In State v. Dillon, supra, the defendant was convicted of the larceny of a skiff, and this

court set aside the verdict because the trial judge had excluded the testimony of the defendant that he had intended to return the skiff, having taken and used it to escape arrest on another criminal charge. That is all that the case is authority for. State v. Kelly, supra, is cited as authority for the proposition that the statutory guaranty against an unfavorable presumption arising from the defendant's failure to testify does not relieve the defendant in a prosecution for larceny from the burden of accounting satisfactorily for his possession, "either by his own or other testimony," when it is proven that he was in possession of stolen property. The decision is misquoted in that respect. The precise language of the charge given by the judge in that case was:

"That, on the other hand, the rule forbidding such inference does not relieve him from accounting satisfactorily for the possession of stolen property, if that fact [meaning the fact that he had possession of stolen property] had been established either by his own or other testimony."

The only complaint that was levied against the charge, in the bill of exceptions, was that it was a comment on the facts; and all that was decided in that respect was that the charge was not a comment on the facts.

[8, 9] Our review of the decided cases reveals that there is no warrant for the trial judge, in a prosecution for larceny or for the crime of knowingly receiving stolen property, to charge the jury that the statutory guaranty against any unfavorable inference being deduced from the failure of the defendant to testify does not relieve him from the burden of accounting satisfactorily for this possession when it is proven that he was in possession of the stolen property. It may behoove the defendant in one case, and may not behoove him in another, to account for his having had possession of stolen property. That depends upon the facts and circumstances surrounding the proven possession of the stolen property.

But the presumption of guilt that may arise from a person's having had possession of stolen property must result from the proven facts, and not from the defendant's failure to testify. The judge's charge in that respect being virtually that the defendant was obliged to testify and account satisfactorily for his possession of the stolen property or suffer an unfavorable inference in consequence of his failure to testify, was an error. The defendant was entitled to have the jury instructed that it was incumbent upon the state to prove that he knew when he received the goods that they were stolen, just as it was incumbent upon the state to prove any other fact forming an essential element of the crime charged. The proof might result, or the fact be conclusively presumed, from the circumstances surrounding the defendant's possession of stolen property, that he knew when he received it that it was stolen; but that is a question to be decided by the jury from the proven facts, not from the defendant's failure to testify.

[10] The fifth bill of exceptions was reserved to the overruling of a motion for a new trial. Besides the complaints already disposed of, the motion was based upon the fact that, on the day after the trial, one of the jurors said to the defendant's attorney that the defendant was convicted before he was tried—meaning that he was convicted by the testimony that was heard the day before, in the trial of the man accused of the larceny of the goods. The juror testified on the trial of the motion that he had made the remark not seriously, but in a spirit of fun, and that the defendant had had a fair and impartial trial. It is not necessary to decide the question presented in this bill of exceptions because it cannot arise again, in a new trial, which must be granted because of the error complained of in the fourth bill of exceptions.

The verdict and sentence are annulled, and the case is ordered remanded for a new trial consistent with the foregoing opinion.