OVERTON, J.
 

 Defendant was prosecuted on a bill of information, charging him, under Act No. 48 of 1926, with having damaged the property of another while driving a motor vehicle while in an intoxicated condition. Defendant was tried, found guilty, and sentenced to the penitentiary for a period of nine months.
 

 No bill of exception was taken during the trial of the case, but, after the verdict had been rendered, defendant filed a motion for a new trial on the following grounds, to wit: (1) That the verdict is contrary to the law and the evidence; (2) that he, defendant, did not receive a fair and impartial trial; (3) that two witnesses, naming them, summoned by the state, but not put on tl)e stand, if sworn, would have contradicted the evidence of three other witnesses, who are named, by testifying that defendant was not intoxicated at the time of the accident, and by showing that he was not responsible for the accident; (4) that," while a character witness for defendant was on the stand, the trial judge made the following comment on the evidence, in the presence and hearing of the jury, to wit: “Then you know nothing of the general character of the accused”; (5) that the judge, after a few character witnesses had been heard, abruptly informed counsel for defendant that the court would hear no further character witnesses; (6) that the evidence as a whole shows that the driver of the automo
 
 *383
 
 bile, which is alleged to have been, injured, and a male companion, in company with two girls, whose names were not mentioned, and who were not produced in court by the state, were evidently “joy riding,” and that defendant did not run into their automobile, but, on the contrary, that they ran into his from the rear; > and (7) that the evidence as a whole created a reasonable doubt as to the guilt of the defendant, but that the jury illegally and arbitrarily denied defendant the benefit of the doubt. The defendant made the entire testimony in the case a part of his motion for a new trial.
 

 The court, after hearing the motion, overruled it. Defendant reserved a bill to the ruling. It may be doubted that the bill is in such form as to enable this court to consider it, but, granting that it is, nevertheless it contains nothing upon which defendant may hope for relief by appeal.
 

 The first, sixth, and seventh grounds of the motion involve an inquiry into the evidence on the trial, and into the sufficiency of that evidence to convict. Defendant, as we have said, made the evidence adduced a part of his motion for a new trial, evidently with the end in view of presenting these three grounds. The evidence was not sent up with the transcript, and a writ of certiorari was issued directing the clej:k of the lower court to file it, together with certain other documents, in this court. The clerk has made return showing that, if any evidence was transcribed in the case, it was reported by a court stenographer, not under his control, the return leading to the conclusion that he has not the, evidence to file here. However, it is a matter of no serious consequence that the evidence is not in the record. Even if it were before us, we could not consider it to determine its sufficiency to convict, that is to say, to determine whether the verdict is contrary tt> the law and the evidence, or whether the evidence shows that the accused is, in fact, innocent, or whether it leaves a reasonable doubt as to his guilt, and these are the only purposes that the evidence, if here, could serve. Constitution 1921, art. 7, § 10; Marr’s Crim. Jurisprudence (2d Ed.) § 724, p. 1114.
 

 As relates to the second ground, that is, that defendant did not receive a fair and impartial trial, this presents only the legal conclusion of the pleader, and nothing tangible for review.
 

 As relates to the third ground with respect to the two witnesses who were summoned by the state, but not'put upon the stand, it may be observed that defendant does not show that the evidence that these witnesses will give is newly discovered evidence, nor does he attach affidavits made by them, showing what they would testify to, if sworn. Defendant admitted that these witnesses were in court. When they were not sworn at the instance of the state, defendant should have examined them, and, if he found that they were cognizant of facts favorable to him, he should have had them sworn. The witnesses were available to him. The state was not called upon to place the witnesses on the stand, although they were summoned by it. State v. Nejin, 140 La. 793, 74 So. 103.
 

 As relates to the fourth ground, where it is said that the judge made a remark in the presence of the jury, which amounted to a comment on the evidence, it should be observed that, if the judge made the remark attributed to him, and defendant considered it prejudicial at the time, he should have excepted to it then and there. He cannot wait until after verdict, and then for the first time avail himself of the remark in a motion for a new trial. His failure to act at the time was a waiver. Marr’s Orim. Jurisprudence (2d Ed.) § 709, p. 1095; State v. Scarborough, 152 La. 669, 94 So. 204. The same may be said as to the fifth ground, relating to the refusal'of the judge to hear further character witnesses. If the refusal was prejudicial to defendant, he should have ex
 
 *385
 
 cepted to it at the time, and should have embodied the refusal in a bill, and not have waited until after verdict to complain. Such is the established jurisprudence, as appears from Marr’s Criminal Jurisprudence, cited supra.
 

 Defendant also urges that the sentence of nine months in the penitentiary imposed by the trial judge is in violation of section 12 of article 1 of the Constitution of 1921, in that the judge has imposed upon him, by this sentence, cruel and unusual punishment. The sentence imposed is within the limits fixed by the Legislature for the offense. Act 48 of 1926. There is nothing either cruel or unusual in sentencing a person to the penitentiary for crime, as deplorable as the necessity for doing so may be. The driving of a motor vehicle while intoxicated is a menace to human life and to other vehicles on the road, and, where injury results, the act is deserving of serious punishment. Moreover, the discretion vested in the Legislature to fix penalties for crime and the discretion vested in trial courts to impose sentence should not be interfered with, save where there is a clear and manifest necessity for interfering.
 

 For these reasons, the judgment appealed from is affirmed.