(118 So. 38)

No. 29325.

STATE v. WIEBELT.

July 2, 1928.

John C. O'Connor, Augustus G. Williams, and William J. O'Hara, all of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and Chandler C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans, for the State.

OVERTON, J. An indictment was returned against defendant, charging him with manslaughter. He was tried, found guilty, and sentenced. He has appealed to this court for relief.

·One of defendant's complaints is contained in a bill of exceptions to the overruling of a motion for a new trial. It appears that there were several eyewitnesses to the homicide, and that two of them, although they had been summoned by the state and were present in court, were not called to the witness stand by the prosecution. The reason why the evidence of these witnesses was not introduced by the state was because, in the opinion of the assistant district attorney, who was prosecuting the case, the state had proven its case, and, moreover, because one of the witnesses was of a dull, unintelligent type, and the other was insolent in his manner and speech, and because one or both, the prosecution thought, showed feeling to a marked degree against the accused. Defendant did not call these witnesses to the stand, because, as he says in his brief, he could not possibly hope for any help from them as defense witnesses. Nevertheless he desired that the state introduce their evidence, because they had made a statement to the police which conflicted in several respects with the evidence introduced by the state, and he desired to avail himself of these discrepancies, if they adhered to their statement, by using the discrepancies to show that the state's evidence was not entitled to credence, and to use their statement to the police to impeach them, if they did not adhere to it.

In our opinion, defendant has no right to complain because the state did not see proper to use these witnesses. While it is possible that the circumstances of a case might justify the granting of relief, where the prosecution fails to place an eyewitness on the stand, yet ordinarily the state is vested with discretion as to whether to use a witness or not. Certainly the district attorney is not called upon to use a witness whose statement he does not believe, or who is so biased and prejudiced that the mere fact of offering his evidence will cast suspicion on the case of the state, or if the witness' evidence is merely cumulative, or if for any other cause the district attorney thinks that it will endanger, or not further, the proper administration of justice to do so. The matter is one which district attorneys must determine ·to a great extent for themselves in the conscientious discharge of their duties. State v. Williams, 30 La. Ann. 842; State v. Ford, 42 La. Ann. 255, 259, 7 So. 696; State v. Stewart, 117 La. 476, 486, 41 So. 798; State v. Nejin, 140 La. 793, 810, 74 So. 103; State v. Glennon, 165 La. 380, 115 So. 627.

Another complaint of the defendant is that the assistant district attorney, during

his argument to the jury, transcended the bounds of legitimate argument to his (the accused's) prejudice, and that the court refused to instruct the jury to disregard the remark, although requested to do so. It appears that counsel for the accused, during his argument to the jury, in referring to the failure of the state to call to the stand the two witnesses mentioned above, made a statement to the effect that the assistant district attorney was thereby deliberately suppressing evidence which he should have introduced. To this remark the assistant district attorney in his closing argument replied as follows:

"If I would be guilty of suppressing evidence, whether in this case or in any criminal prosecution, I would not only be unfit to be a sworn prosecutor for the state of Louisiana, but I would be unfit to call myself a man, and would be unfit to look any man in the eyes and call myself a gentleman."

The remark that the assistant district attorney was suppressing evidence was uncalled for. He was merely exercising his legal right not to call two witnesses. He was not concealing any fact from the defendant, who, so far as appears, was not ignorant of the statement made to the officers by the two witnesses, who were not put on the stand, a copy of which is in the record. The reply of the assistant district attorney merely expressed a self-evident truth, and was justified under the circumstances.

Another complaint of the defendant is that the court refused to permit him to show, on the trial of the motion for a new trial, that the assistant district attorney made no retraction of the foregoing remark before the jury. There was no error in this refusal. The assistant district attorney was not contending that he had withdrawn the remark. It is, in effect, conceded that the remark was not withdrawn.

For the reasons assigned, the verdict and the sentence appealed from are affirmed.