OVERTON, J.
 

 Defendant was convicted of the larceny of a.Hupmobile sedan, of the alleged value of $2,500, and was sentenced to the penitentiary.
 

 The first bill of exceptions, presented by the appeal herein, is one taken to the ruling of the court, sustaining an objection, urged by the prosecution, to a statement made by counsel for defendant in his argument to the jury, and to the instruction of the court to the jury in connection with the remark, given at the time the objection was sustained. The statement objected to was one to the effect that where the state has subpoenaed witnesses, who have appeared in response to the subpoenas, and does not place them on the stand, the jury h'ave a right to infer, and a -presumption of law arises, that such witnesses, had they been placed on the stand, would have testified against the prosecution. The ruling of the court on the objection, and the
 
 *1053
 
 instruction given by the court to the Jury, were as follows:
 

 “It is not in evidence that any other witnesses other than those who testified were summoned before this court, and if they were, it was within the authority of the district' attorney to use them or not to use them as he saw fit, and no presumption arises from the nonuse of such witnesses. Therefore, the objection of counsel is sustained, and the. court will charge the jury to disregard that statement of counsel.”
 

 It was not erroneous for the court to instruct the‘jury to disregard the statement of counsel for the defense. The state is not called upon, because of the mere fact that it has subpoenaed a witness, to place the witness on the stand, although the witness be present in court. State v. Williams, 30 La. Ann. 842; State v. Ford, 42 La. Ann. 255, 259, 7 So. 696; State v. Stewart, 117 La. 476, 486, 41 So. 798; State v. Nejin, 140 La. 793, 810, 74 So. 103; Stare v. Glennon, 165 La. 380, 115 So. 627; State v. Weibelt, 166 La. 836, 118 So. 38. Therefore no presumption arises against the state, because of the failure to call such a witness to the stand.
 

 The only complaint that may be made to the action of the court is that, in making its ruling, which was evidently made in the presence of the jury, the court stated that it was not in evidence that other witnesses had been summoned. However, that remai’k, if it may be deemed improper under the circumstances, as a comment on the evidence, was not prejudicial to defendant, for it was upon a matter that the jury had been legally instructed to disregard.
 

 Bills 2, 3, 4, 5, and 6 involve the same fundamental principles of law, and may be properly considered together. However, as a matter of convenience we shall consider bill No. 6 separately, after considering the remaining bills together.
 

 Bill No. 2 shows that Mr. Luzenberg, an assistant district attorney, in his closing argument to the jury, made the following remark:
 

 “Gentlemen of the jury, I do not take the law either from the defense counsel, nor does he from me; but my interpretation of the law is that, where an article is stolen, and a person is found in possession of the article immediately after the theft, he is presumed in law to be the person who stole that article.”
 

 This remark was objected to as being improper, not the law in the ease, and not applicable to it. The objection was overruled. The ruling was followed by a request that the jury be instructed to disregard it, and this request was denied.
 

 Touching the legal principle here involved, the judge, in his general charge, instructed the jury, as appears from bill No. 4, as follows:
 

 “I charge you, gentlemen of the jury, that when goods are stolen and shortly afterwards found in the possession of a man without explanation of his possession, you have a right to presume that he is the person who stole them.”
 

 Later the court qualified the foregoing charge, as appears from bill No. 5, as follows:
 

 “The court qualifies this (referring to the foregoing charge) by saying that the presumption lessens as the time between the time of the crime and the time the articles were found in the possession of the pérson increases.”
 

 Bill No. 3, which we have omitted referring to, is merely a bill to the general charge of the court as a whole, without attempting to point out any errors in the charge, and was likely taken i for the purpose of bringing up, for consideration in connection with the other bills, the entire charge, since a bill to the whole charge, without pointing out the errors at the time, as is well established, is worthless.
 

 Defendant timely objected to all of the
 
 *1055
 
 foregoing charges, and reserved bills to the overruling of his objections. While it does not so appear from the record, it may be said that defendant states in his brief that the presumption, argued by the assistant district attorney and charged by the court, arising from the unexplained possession of property recently stolen, was highly prejudicial to him, as he did not take the witness stand and explain his possession of the property.
 

 Defendant relies chiefly, if.not entirely, to sustain his position, upon the recent case of State v. Rock, 162 La. 299, 110 So. 482. In that case the defendant was charged with receiving and having in his possession stolen property, knowing that it was stolen. He requested the judge to charge the jury to the effect “that the fact that [he] had the stolen articles in his possession did not Create a presumption that he knew that they were stolen at the time when he received them, and that it was incumbent upon the state to prove that the defendant knew when he received the goods that they were stolen, just as it was incumbent upon the state to prove any other essential fact or element of the crime charged in the bill of information.” The judge in that case refused to give this charge,, and instead “charged the jury that the burden was on the defendant to show how he came into possession of the property, and that it was the province of the jury to decide whether the explanation was reasonable, or whether the witness was credible; and the judge further charged the jury that the explanation given by the defendant was not to be taken as true simply because it was not rebutted, and that, although no unfavorable inference could be drawn from a failure of the defendant to Jestify, the rule did not relieve him from satisfactorily accounting for the possession of stolen property, either by his own or other testimony.”
 

 The court then, in commenting on the charge of the trial court, said:
 

 “Our opinion is that the special charge which the judge gave the jury in lieu of the charge requested by the defendant’s attorney went too far, not only in putting the burden of proof upon the defendant, but also in commenting upon the testimony, and particularly in telling the jury that the explanation which the defendant had given in his testimony, as to how he came into possession of the property, was', as the judge said, ‘not to be taken as true simply because not rebutted.’ That was a strong suggestion on the part of the judge that the defendant’s testimony was not worthy of belief, even without being rebutted by other evidence.” . •
 

 The court then considered that part of the charge of the judge, complained of, where he said, “Though no unfavorable inference can be drawn from failure of accused to testify, yet this rule does not relieve him from satisfactorily accounting for the possession of stolen property, either by his own or other testimony,” and found the charge, in that respect, particularly objectionable. The court, in commenting upon it, referred to the statute providing that the failure of an accused person to testify shall not be construed against him, and reviewed the jurisprudence, cited in support of that part of the charge. What the court found with reference to that phase of the case may be best shown by quoting the following excerpt from the ease, to wit:
 

 “Our review of the decided cases reveals that there is no warrant for the trial judge, in a prosecution for larceny or for the crime of knowingly receiving stolen property, to charge the jury that the statutory guaranty against any unfavorable inference being deduced from the failure of the defendant to testify does not relieve him from the burden of accounting satisfactorily for this possession when it is proven that he was in possession of the stolen property. It may behoove the defendant in one ease, and may not be
 
 *1057
 
 hoove him in another, to account for his not having haci possession of stolen property. That depends upon the facts and circumstances surrounding- the proven possession of stolen property. But the presumption of guilt that may arise from a person’s having had possession of stolen property must result from the proven facts, and not from the defendant’s failure to testify. The judge’s charge in that respect being virtually that the defendant was obliged to testify and account satisfactorily for his possession of the stolen property or suffer an unfavorable inference in consequence of his failure to testify, was an error. The defendant was entitled to have the jury instructed that it was incumbent upon the state to prove that he knew when he received the goods that they were stolen, just as it was incumbent upon the state to prove any other fact forming an essential element of the crime charged. The proof might result, or the fact be conclusively presumed, from the circumstances surrounding the defendant’s possession of stolen property, that he knew when he received it that it was stolen ; but that is a question to be decided by the jury from the'proven facts, not. from the defendant’s failure to testify.”
 

 There is nothing in the foregoing case to the effect that it is improper for the prosecution to argue to the jury the presumption of guilt arising from the unexplained possession of goods recently stolen, or which holds that it is improper for the court to charge the jury relative to that presumption, and this, whether the defendant testifies in the case or not. What the court there held that the trial judge could not do is, first, to word his charge so as to convey to the jury that the burden of proof is on the defendant, on trial for receiving stolen property, to establish how he came into possession of the property; secondly, to word it so as to include therein matter, amounting to a comment on the facts, and especially on the credibility of the defendant; and, thirdly, to so charge the jury as virtually to convey to .them that the defendant is obliged to testify and account satisfactorily for his possession of the stolen property or suffer an unfavorable inference as a result of his failure to testify.
 

 The charge of the judge in the case now before us is not amenable to any such objections. There is nothing in it that throws the burden on the defendant to disprove any element of the offense charged. In fact, as we shall see, in passing on the next -bill, the judge clearly and expressly instructed the jury in a preceding part of his general charge that the burden was on the state to establish beyond a reasonable doubt every element of the offense charged. The charge leaves it to the discretion of the jury to say whether the unexplained possession, if that be the case, is sufficient to warrant the inference that defendant was the thief, for the charge is that the jury have a right to presume from the unexplained possession that he is the thief — not that they should so presume from it. The charge does not contain any clause that can be construed as a comment on any witness’ evidence, or which conveys the suggestion that the defendant was obliged to take the stand and account satisfactorily for the possession of the property or suffer an unfavorable inference because of his failure to testify, but by necessary implication left it optional with defendant to remain off the stand and explain the possession through others, or to rest upon the insufficiency of the possession, in the light of the surrounding circumstances, to justify the inference, just as is the case when any other evidence is offered against an accused. Our conclusion is that there is nothing in the charge in conflict with State v. Rock, relied upon by defendant. In fact, that case recognizes that the presumption, under discussion, may exist.
 

 We think that the charge given by the court, with the qualification made to it by
 
 *1059
 
 the judge and also given, was a valid charge, under our law. It left it discretionary with the jury, as shown in the preceding paragraph, whether the possession, in the light of the surrounding circumstances, was sufficient to warrant the presumption of guilt. State v. Moultrie, 34 La. Ann. 489; State v. Kelly, 50 La. Ann. 597, 23 So. 543; State v. Thompson, 137 La. 547, 68 So. 949.
 

 In the case last cited, the charge approved was:
 

 “Erom the recent possession of stolen property, guilt may be inferred in charges or questions of larceny, unless there is a reasonable account given of the property as lawfully and not feloniously obtained. This inference or presumption is strengthened or weakened in accordance with the length of time between the theft and the time of finding the property.”
 

 There is no difference in meaning between the expression, “guilt
 
 may he
 
 inferred,” found in the foregoing charge, and the expression, found in the charge in this case, “you [the jury]
 
 have a right
 
 to presume that he is the person who stole /them,” used, in both instances, in connection with the unexplained possession of property, recently stolen. In fact, with the qualification added to it by the judge, the charge in the present case is substantially in accord with the charge in the cited case.
 

 As relates to the remark, made in argument by the assistant district attorney, with reference to the presumption, flowing from the unexplained possession of property, recently stolen, quoted above, while the remark is not an accurate statement of the law, in that it omits all reference to the necessity of there being no satisfactory explanation of the possession, and in that it has a tendency to make the presumption stronger than the law makes it, nevertheless it should be remembered that, in making the remark, the assistant district attorney was merely giving his interpretation of the law, which was in no manner binding on the jury. The failure of the judge to correct the error then and there, when it was not specifically pointed out to him, the objection being merely that the remark was not the law and that it was not applicable to the case, should not result in setting aside the verdict. The error was sufficiently corrected by the judge, later on, from whom the jury was obligated to accept the law, by his charge as to such presumptions. Moreover, district attorneys, in the heat of argument, cannot be expected always to state the law with the precision of a judge. It is only where the remarks of the district attorney are clearly prejudicial to the accused that the verdict will be disturbed. State v. Murray, 139 La. 280, 71 So. 510.
 

 Bill No. 6 was taken to the refusal of the trial judge to deliver the following special charge:
 

 “The court instructs the jury that the fact that the defendant had the stolen article in his possession did not create a presumption that he knew that it was stolen at the time when he received it, or that he had stolen it, and that it was incumbent upon the state to prove that the defendant knew when he received the goods that they were stolen, or that he had actually stolen them, just as it was incumbent upon the state to prove any other essential fact or element of the crime charged in the bill of information.”
 

 Apparently, in preparing this charge, defendant followed the special charge, which the trial judge refused to give in the Rock Case, cited supra (162 La. 299, 110 So. 482), but which this court did not rule should have been given, though it held that the defendant in that case was entitled to instructions along the line stated in the latter part of the charge, concerning the burden of proof that is on the state.
 

 Omitting all reference to the fact that, in two places in the special charge requested,
 
 *1061
 
 the judge is called upon, though the law does not sanction it, to charge the jury that “the defendant,” meaning necessarily the defendant in the case, had the stolen article in his possession, thereby calling upon the judge to charge upon the facts, still there was no error in refusing the special charge.
 

 As relates to the first part of the special charge, it is obvious that the mere fact that a defendant on trial had possession of the article, proven to have been stolen, does not create an inference that he is the thief, for something more is required. However, as the court had correctly charged the jury with reference to the possession of stolen property, it would have been error for the court to have given this part of the special charge, because it would have resulted in confusing the jury, especially as the special charge mentions only one of the two circumstances from which the inference may be drawn, namely, possession, and is wholly silent as to the explanation of the possession.
 

 As relates to the remainder of the special charge—that is, to the part touching the burden of proof—there was no occasion for' the court to give it in this instance, because the charge of the court contained such an instruction. That part of the charge containing it reads as follows:
 

 “The prisoner at the bar is presumed by law to be innocent until he is proven guilty beyond a reasonable doubt to the satisfaction of the jury. The result of this rule of law is, that the state carries the burden of proving to your satisfaction beyond a reasonable doubt the charge made against the accused in this information, and of every essential element of said crime. In other words, the state must prove to your satisfaction and beyond a reasonable doubt that the property described in the information was stolen; that it was stolen by the defendant, and that its value was more than one hundred dollars, before you can convict the defendant of grand larceny. * * * ”
 

 There was no error in refusing the special charge.
 

 Bills Nos. 7 and 8 are not discussed in defendant’s brief. The first was disposed of, in effect, in passing on bill No. 1, and the last was taken to the overruling of a motion for a new trial. The bill, taken to the overruling of the motion, brings up nothing for review that may be • considered on appeal, or that possesses any merit.
 

 For these reasons, the verdict and the sentence appealed from are affirmed.