For the reasons assigned, the judgment appealed from is affirmed.

**69 So.2d 36**

### STATE v. VITTORIA.
#### No. 41396.

Nov. 9, 1953.

Rehearing Denied Dec. 14, 1953.

Maurice B. Gatlin, New Orleans, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., and Herbert J. Garon, Asst. Dist. Atty., New Orleans, for appellee.

McCALEB, Justice.

Appellant was convicted of simple burglary and sentenced to a term of four years at hard labor in the State Penitentiary. He did not apply for a new trial but appealed from his conviction and sentence, relying on two bills of exceptions under which he claims that he should be discharged. Since he is not seeking a new trial but an outright dismissal of the prosecution, these bills may be considered. State v. Richardson, 220 La. 338, 56 So.2d 568.

The first bill was taken to the overruling of a motion in arrest of judgment. In this motion, appellant sets forth that his conviction for simple burglary is unlawful because no reasonable evidence was offered to show his intent to commit a theft in the building in which he made an unauthorized entry.

 The point is not tenable. The question of appellant's specific intent was one of fact for determination by the jury. Its decision on that issue is not reviewable on appeal. Our jurisdiction in criminal cases is limited to matters of law alone. Section 10 of Article 7 of the Constitution.

The second bill is addressed to the legality of the sentence of four years at hard labor, it being contended that it is excessive, cruel and unusual punishment and also deprives appellant of the equal protection of the law in that other persons convicted in New Orleans of the same offense have not received such a long imprisonment.

These objections are without substance. The sentence imposed upon appellant was within the limits of the statute[1] and cannot be regarded as cruel or excessive. The fixing of penalities for criminal acts is a matter of legislative discretion with which the courts will not interfere save in extreme cases of palpable abuse. State ex rel. Coco v. Farmer-

ville Light & Power Co., 144 La. 241, 80 So. 268 and State. v. Glennon, 165 La. 380, 115 So. 627.

Nor was the judge obliged to give appellant the same sentence that counsel maintains (although there is no proof in the record to this effect) has been customarily imposed upon others convicted of simple burglary in New Orleans. The length of the sentence was a matter entirely within the discretion of the trial judge with which this court is without right to interfere except in cases of illegality.

The conviction and sentence are affirmed.

---

1. LSA–R.S. 14:62 prescribes "Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years."