HAMITER, Justice.
 

 Jeffery Glassberg (age 13) was charged in the Juvenile Court for the Parish of Orleans, through a petition filed by the probation department thereof, with being a juvenile delinquent in that he committed aggravated battery on one Barbara Ann Caire (age 14) by shooting her in the face with a dangerous weapon, to-wit: An 8 MM Mauser rifle. In accordance with the petition he was adjudged delinquent; and he was placed on probation, in the custody of his parents, for a period of three years. From the judgment he has appealed.
 

 The record discloses that during the afternoon of November 21, 1955 appellant went into the yard of a neighbor to play with other children who were there, he taking the rifle with him and initially placing it on a “shoot-the-shoot” (a slide). In the chamber of the gun- was a cartridge containing paper wadding. As to whether he was responsible for the loading is a question on which the testimony is conflicting and unsatisfactory. Nevertheless, on his regaining possession of and holding the gun later in the afternoon it discharged and inflicted the injury to Miss Caire. Filing of the instant charge followed.
 

 Battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:33. Aggravated battery, with the commission of which appellant was charged, is a battery committed with a dangerous weapon. LSA-R.S. 14:34.
 

 
 *401
 
 Appellant’s counsel concedes that general criminal intent is sufficient to sustain the charge of aggravated battery, a specific intent being unnecessary. However, he urges that in this cause no general criminal intent was proved and, therefore, the juvenile judge, erred when reasoning and concluding as follows: “While there does not appear from the evidence submitted any intention on the part of Jeffery Glassberg to deliberately harm Barbara Ann Caire, certainly the injury suffered by Barbara Ann Caire was a result of Jeffery’s action in pointing the gun in her direction. There must, therefore, be imputed to him general criminal intent arising from the reasonable result of his act. * * *
 

 According to LSA-R.S. 14:10(2) “General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.”
 

 Pertinent also in determining when general criminal intent is present are observations contained in certain decisions of this court. Thus, in State v. Howard et al., 162 La. 719, 111 So. 72, 76, it was stated: “While no specific intent is Required in ‘shooting at a dwelling house,’ yet it is legally impossible that any crime at all can eXist, without combination of criminal act and criminal intent, or the intentional doing of a wrongful act. * * * •
 

 “ ‘In other words, where an act is prohibited on pain of punishment, .criminal intent is nothing more than intention to do the act, provided the wrongdoer is a person capable of entertaining criminal intent, and acts without justificatibn or excuse.’ Clark’s Criminal Law (2d Ed.) pp. 14 and 50.”
 

 Again, in State v. Fulco, 194 La. 545, 194 So. 14, 17 we observed: “Int.ent is án element of voluntary action and as! all crimes, except those of omission, must'be voluntary actions, intent is a constituent element of all criminal acts. But it is not necessary for an act to amount to a statutory crime that the offender must intend to do the crime to which his act amounts, but it is necessary that he intended to do the act which constitutes the crime.”
 

 To warrant a conclusion in the instant case that criminal intent was present, and hence that aggravated battery was committed, a showing that appellant intended to injure Barbara Ann Caire was not essential; only necessary was a proving that he voluntarily committed the act which resulted in her injury. For example, the existence of general criminal intent could be concluded if proof were made that appellant had voluntarily pulled the trigger of the gun to discharge it, for then he would have intentionally committed an act which under the circumstances might reasonably be expected to result in criminal
 
 *403
 
 consequences — a battery on one of the children with whom he was playing at the time.
 

 However, according to our appreciation of the record appellant’s pointing of the gun in the general direction of Miss Caire and the discharging of it with the resulting injury were wholly accidental acts. He emphatically denied having intentionally aimed at anyone or pulled the trigger, steadfastly maintaining that the gun fired accidentally as he arose from the ground with his dog. And the testimony of other children who were present tends to support his version, particularly that of the wounded child.
 

 The latter testified as follows:
 

 “Q. Did he point the gun at you? A. I don’t believe at me, just in the general direction. ******
 

 “Q. You and Jeffery have known each other since you were tiny children ? A. Four years old.
 

 “Q. Have you always been .very good friends? A. Yes.
 

 “Q. As a matter of fact, you usually exchange Christmas gifts or cards, do you not? A. Yes.
 

 “Q. Has there ever been any serious disagreements between you, or fights or arguments? A. No. ******
 

 “Q. Now, you and he had no argument on the day of this explosion or shooting, did you? You were still frieiidly on that day, were you not? A. Yes.
 

 “Q. Now, Barbara, Jeffery had his dog there in the yard with him that day, didn’t he? Do you know Jeffery’s dog when you see it ? A. I believe the dog was there.
 

 “Q. Now, think back. Do you recall Jeffery stooping down on the ground, holding the dog by the collar, with the gun in one hand and the dog in the other? A. I know he was sitting on the ground for a little while.
 

 “Q. Tell the Judge the incidents that happened at that time, the game, and the interval after that. A. Well, after he chased me around the yard, . then he stopped and I was playing. with the children, and we were talking about school, or something. We often talked about school. I don’t think it made him angry, or anything like that. Because I think that anything to do with the shooting was purely accidental. He could have been playing with the gun and it went off.
 

 By The Court:
 

 “Q. You think the shooting was accidental? A. Yes, I thought that since it happened.”
 

 Accordingly, we hold that appellant was not guilty of the crime of aggravated battery.
 

 
 *405
 
 Of course, he may have been grossly negligent by his handling a loaded gun in the presence of other children. But that is not the same as having a general criminal intent in so acting — an essential factor in the crime here charged of aggravated battery.
 

 Alternatively, the district attorney for , Orleans Parish who came into the case after this appeal had been taken, suggests that the Juvenile Court was correct in adjudging the appellant to be delinquent since the facts showed that he violated LSA-R.S. 14:39 relative to negligent injuring, the offense being the inflicting of any injury upon the person of another by criminal negligence.
 

 As pointed out above the Juvenile Court concluded that appellant was a delinquent in that he committed the crime charged in the petition of aggravated battery (a conclusion which, in our opinion, was incorrect) and, as a consequence, placed him on probation for three years. We cannot say that the same action would have been taken by the court had appellant been charged as and adjudged a delinquent for his having committed negligent injury only, a crime of far less magnitude than aggravated battery as indicated by the penalty provided for each offense. Therefore, our decree should be only one dismissing this proceeding.
 

 For the reasons assigned the judgment appealed from is reversed and set aside and this proceeding is dismissed.