257 So.2d 459 (1972)
In re STATE of Louisiana In the Interest of Darryl Wayne HAMPTON.
No. 8698.
Court of Appeal of Louisiana, First Circuit.
January 31, 1972.
Dudley Spiller, Baton Rouge, for appellant.
Don G. Boudreaux, Probation Officer, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
ELLIS, Judge:
Darryl Wayne Hampton, born August 27, 1955, was found to be delinquent for having committed simple burglary of a *460 cafe and was ordered committed to the Louisiana Department of Corrections. From that judgment, he has appealed to this court.
The petition alleges Wayne's delinquency in a number of respects, but the finding of delinquency was based on only one of the charges. He was specifically found not to be delinquent under all other charges set forth in the petition, including an alleged violation of R.S. 14:68. The charge under which he was found delinquent reads as follows:
"1. That Darryl Wayne Hampton age 16 address 935 North Blvd., Baton Rouge, La., whose parents are Harris Hampton (Dec.) and Katherine Anthony is delinquent and within the jurisdiction of The Family Court for the Parish of East Baton Rouge, State of Louisiana, in that on or about the 9th day of March, 1971, said juvenile violated R.S. 14:62 and 14:68, in that he participated in the burglary of Felder's Cafe, 16660 Florida Boulevard, Baton Rouge, Louisiana and participated in the theft of 55½ pints of assorted liquor, 44 pints of assorted liquor, 18 fifth of assorted liquor and 1 quart of assorted liquor."
A motion to suppress evidence on the ground that it was unlawfully obtained was filed on behalf of the juvenile. The motion was heard at the delinquency hearing, but was not specifically ruled on by the trial court. We do not find it necessary to rule on the motion, because the evidence sought to be suppressed was never offered in evidence at the hearing.
In considering this appeal, we must be guided by the following principles, which are now well established in our law.
First, a juvenile is entitled to the protection of the due process clause of the 14th Amendment to the Constitution of the United States, and to the safeguards thereby guaranteed to those accused of crime. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
In the Gault case, it was specifically held that a juvenile has the right to be notified of the charges against him, the right to counsel, the right to be confronted by the witnesses against him, and to cross examination, as well as the right to exercise the privilege against self incrimination.
Second, that the burden of proving the charges against a juvenile is no less severe than that of proving charges against an adult. Every element of the crime charged must be proved beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); In re Glassberg, 230 La. 396, 88 So.2d 707 (1956).
Third, that a juvenile may not be adjudged delinquent unless his guilt of the specific charges against him is shown in accordance with the foregoing principles. That is, a judge may not make a finding of delinquency based on misconduct other than that which is set forth in the petition. This would violate the constitutional right of the juvenile to be notified of the charges against him. State in Interest of Ogletree, 244 So.2d 288 (La.App. 4 Cir. 1971); In re Gault, supra.
We find from the record that all of the rights guaranteed by the Gault case, supra, have been properly protected herein, and are not in question in this appeal. However, we are of the opinion that the proof offered in support of the guilt of the juvenile herein falls far short of the requirements of the law. There is no evidence that Wayne ever confessed to the crime with which he is charged. Testimony in the record that he heard himself implicated by an accomplice and assented thereto is in reference to other offenses, of which he was found not to be guilty.
There is no direct evidence by any accomplice which would tend to implicate Wayne. The testimony of the one alleged accomplice who did testify was not transcribed and we can draw no conclusion therefrom.
*461 The arresting officers testified that Wayne voluntarily showed them where he had hidden 25 packs of cigarettes and 19 assorted bottles of liquor. As pointed out above, none of these articles were introduced in evidence, nor were they identified as having come from the cafe.
R.S. 14:62 provides as follows:
"Simple burglary is the unauthorized entering of any vehicle, water craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein, other than as set forth in Article 60.
"Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years."
As can be seen from the above summary of the evidence, not one element of the foregoing was proven. All that was shown was that Wayne was arrested and advised of his rights and that he showed where certain cigarettes and liquor were concealed. This is clearly insufficient to support a finding of delinquency for simple burglary.
The judgment appealed from is therefore reversed and set aside, and the petition filed herein is dismissed.
Reversed and rendered.