276 So.2d 337 (1973)
In re STATE of Louisiana in the Interest of Sidney UNSWORTH, Jr.
No. 5348.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 1973.
*338 John M. Mamoulides, Metairie, for the Parish of Jefferson, State of Louisiana, appellee.
Thomas P. McGee, First Asst. Dist. Atty., Parish of Jefferson, State of Louisiana, by William J. White, Jr., Asst. Dist. Atty., Parish of Jefferson, State of Louisiana.
Thomas M. Willmott, Metairie, for defendant-appellant.
Before REGAN, SAMUEL and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal from a judgment of the Juvenile Court for the Parish of Jefferson adjudicating defendant, Sidney Unsworth, Jr., a juvenile delinquent, and placing him on three years active probation. Defendant was found to be a juvenile delinquent as a result of receiving stolen things, as defined in LSA-R.S. 14:69.
On August 2, 1971, during the early morning hours, claimant Joseph Nicolini's Honda 350 motorcycle was stolen from the carport of his house. He testified that he had gone to a movie on the night before and last saw his motorcycle upon his arrival at 12:30 A.M. on August 2nd. He went to bed and when he got up for work the vehicle was missing.
Claimant immediately called the police and waited for them to come to his home and make a report. He then went to work. Upon returning from work, claimant and his girl friend went bicycle riding around the neighborhood in an attempt to find the missing motorcycle. Upon explaining the situation to various people who live in the neighborhood, they were told that defendant and his friends had motorcycles. Claimant then went to defendant's house which is located a few blocks from his own. There he found defendant's motorcycle which contained various parts which he identified as coming from his missing vehicle. Claimant then called the police, who arrived shortly thereafter at defendant's house. Defendant was charged with receiving stolen things, namely, a gas tank, an engine, a set of handle grips and a tail light, among others.
In order to hold defendant responsible for receiving stolen things in the present situation, two things must be proven. It must first be shown that the goods in defendant's possession did belong to claimant. After establishing that the goods in defendant's possession were parts from the stolen motorcycle, it must then be proven beyond a reasonable doubt that defendant received these goods under circumstances which indicate that the offender knew or had good reason to believe that the goods were the subject of a theft. In State in Interest of Ogletree, 244 So.2d 288 *339 (La.App.4th Cir., 1971), the court stated as follows:
"Every element must be proved beyond a reasonable doubt where [a] juvenile is charged with an act which would constitute crime if committed by an adult."
See also In re State in Interest of Hampton, 257 So.2d 459 (La.App.1st Cir., 1972).
Upon our evaluation of the evidence presented, we determine that the parts in defendant's possession did come from the stolen motorcycle. There is a conflict in serial numbers which causes the engine to be improperly identified as being stolen. Many other parts, however, were properly identified by claimant to be his. Claimant went into strict detail in identifying these parts. One of the police officers investigating the complaint testified that claimant named different scratches and told him where to look for them. The officer looked and found them. When claimant was asked by council for defendant if the battery and ground cable in defendant's possession belonged to him he stated, "Apparently it was. When we were assorting out the parts it was a new battery. My bike was new and it was the newest battery. Sidney did not deny it. As a matter of fact, he was just telling me what was mine and what was not."
Having established that the defendant was in possession of goods which were stolen, we must now decide whether defendant knew or had good reason to believe that the goods were stolen.
Defendant testified that on the night of August 1st at around 10:00 P.M. he received a phone call from a person named Phil, who said he heard that defendant wanted some parts for his motorbike. Defendant asked what the price was for these parts and Phil stated the price to be $70.00. Defendant further testified that the next morning Phil arrived at defendant's house with the parts and the sale was made for $70.00.
Charles Vicknair, who spent the night of August 1st at defendant's home, testified that on the morning of August 2nd he was fixing breakfast when Phil arrived at defendant's house and transacted the sale. Vicknair testified that he saw the transaction take place and that Phil claimed he obtained the parts from his motorbike that he wrecked.
When asked if he had any idea at all that these parts may have been stolen, defendant stated that he did not. He stated further that there was nothing to lead him to believe that they were stolen as Phil was neatly dressed and had neat long hair. He stated that he did not "... know what a crook looks like but he did not look like one to me." He also claimed that he asked Phil where the parts came from and that Phil said they came from his motorcycle and that he had gotten in a wreck and wanted to sell the parts. Phil's call was not unexpected because defendant's motorbike had broken down some time before and he had inquired around seeking parts for his motor as well as a gas tank.
Defendant testified that the price was not unreasonably low for used parts (there was no evidence to the contrary) and that his father had given him $100.00 expense money. This was corroborated by his father.
Additionally, he cooperated fully with the claimant, Nicolini, and the police, pointing out which parts he purchased and which were his. He made no effort to conceal or disguise any of the parts.
In deciding whether defendant knew or had good reason to believe that the goods were stolen we must examine the particular facts of the individual case. We can, however, examine prior jurisprudence in an effort to obtain some insight into the case at bar.
State v. Nattalie, 163 La. 641, 112 So. 514 (1927), states that a defendant, charged with receiving stolen goods, if *340 purchasing goods in good faith, should be acquitted. State v. Rock, 162 La. 299, 110 So. 482 (1926), states that a defendant's possession of recently stolen property does not necessarily create the presumption that he received it with knowledge that it was stolen. In State v. Melanson, 259 So.2d 609 (La.App.4th Cir., 1972) we have a situation similar to the present one in that one of the defendants was adjudicated a delinquent for being in possession of stolen goods, and from this adverse judgment he appealed. Defendant was implicated in high school burglaries by virtue of the statement of another defendant. When contacted by police he told the officers that objects apparently involved in the burglaries were at his house. The court concluded that in that particular case the record was completely devoid of any evidence to establish that these items were received or concealed by defendant under circumstances indicating that he knew or had good reason to believe that the items had been stolen. The court further stated the following:
"For an adjudication of delinquency under R.S. 13:1570, subd. A(5) it must be proved that the juvenile violated a specific statute or ordinance, and every element of the crime must be proved. In re Glassberg, 230 La. 396, 88 So.2d 707 (1956)."
In the present situation defendant received the goods in question from a person whom he did not know and cannot locate and he received no bill of sale. On the other hand, defendant had made it known that he was in search of parts to his motorcycle, and was contacted by a person who claimed that the goods came from his wrecked motorcycle. Although some circumstances surrounding the sale may give rise to suspicion, we cannot conclude beyond a reasonable doubt that defendant, a juvenile, knew or had good reason to believe that the goods were stolen.
For the above reasons the judgment of the lower court is reversed and set aside, and the petition filed against Sidney Unsworth, Jr. is dismissed.
Reversed and rendered.