291 So.2d 238 (1974)
In the Interest of E.P., a Child.
No. 73-76.
District Court of Appeal of Florida, Fourth District.
March 8, 1974.
*239 Charles W. Musgrove and James M. Adams, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant was adjudged delinquent in the juvenile court on a charge of manslaughter by culpable negligence. The sole issue on appeal is whether appellant, having been 12 years of age at the time of offense, was entitled to the common law presumption of incapacity to commit a crime.
Under the common law, there is a rebuttable presumption that an infant between the ages of seven and fourteen is incapable of committing a crime, the presumption being that the incapacity decreases with the progress of his years after the age of seven. Clay v. State, 1940, 143 Fla. 204, 196 So. 462. Despite the fact that the courts have with consistency recognized the civil character of juvenile proceedings, nonetheless, it is now well established that in delinquency proceedings based upon a charge of violation of criminal law (which if proved could lead to loss of liberty) criminal due process standards apply at the adjudicatory stage of the proceedings the same as though the juvenile were standing trial in the criminal court on the alleged offense. In re Winship, 1970, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; In re Application of Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; In Interest of J.D.D., Jr. v. State, Fla.App. 1972, 268 So.2d 457. We conclude that since appellant would have been entitled to such presumption of incapacity had the case been tried in the criminal court, he was entitled to the benefit of it in the juvenile court.
In this case, appellant picked up his father's shotgun from under the kitchen table where it was normally kept, walked to the front porch of his home and there fatally shot his playmate. The evidence established without contradiction that the gun was normally kept unloaded, that appellant's younger brother had found a shell and loaded the gun two weeks before and then had forgotten to unload the gun or tell anybody about it, and that appellant thought the gun was unloaded when he pulled the trigger. There was no evidence *240 showing any motive for the shooting, nor any evidence relating to appellant's capacity to commit the offense other than a report of the court appointed psychologist which found appellant to be a mentally and academically retarded child. Appellant having been entitled to the presumption of lack of capacity, and the State having failed to offer any evidence which would reasonably tend to overcome such presumption, the appellant was entitled to an order finding nondelinquency and dismissal of the case.
Reversed.
WALDEN, J., and GONZALEZ, Jr., JOSE A., Associate Judge, concur.