BOARDMAN, Judge.
Appellant, State of Florida, seeks reversal of an order of the Circuit Court, Juvenile Domestic Relations Division, granting appellee’s motion to dismiss the petition filed by the state to have him adjudicated a delinquent child.[1] The petition alleged, inter alia, that appellee, a minor, nine years of age, had participated [2] in a breaking and entering of a store and stolen a T.V. set of a value less than $100, the property of another. Appellee entered a not guilty plea.
At the hearing set by the court, the child was present, as was his mother; he was represented by an assistant public defender. The state was represented at said hearing by an assistant state attorney. It was stipulated that the state could prove a prima facie case against the appellee. Appellee, through his counsel, then moved that the case be dismissed and, in support of the motion, directed the court’s attention to the case of In the Interest of E. P., a Child, Fla.App.4th, 1974, 291 So.2d 238.
After hearing oral argument of respective counsel, the trial court then inquired of the state attorney if he intended to present any evidence on capacity to commit *602 the crime, to which question the state responded :
. . Our evidence will be the evidence of the crime itself. .
Whereupon, the court announced.it would enter an order granting the motion to dismiss the petition on authority of E. P., supra. This timely appeal followed.
The sole question for our consideration is whether the Common Law rebuttable presumption of a child between the ages of seven and fourteen being incapable of committing a crime applies to proceedings adjudicating a child to be delinquent under Florida Statutes, Chapter 39. We believe so and affirm.
Prior to deciding the question presented, we will first give consideration to which, if any, adult procedures are applicable in a juvenile setting. The Supreme Court of the United States and the Florida courts have properly attempted to inject procedural orderliness into the juvenile court system. For instance, in the case of K. M. v. State, Fla.App.3d, 1973, 277 So.2d 577, our sister court stated “ . . . that a trial of a juvenile partakes of the nature of a criminal proceeding rather than a proceeding in which the State is parens patriae . . . ,” citing the cases of V. v. City of New York, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972) and State v. V. D. B., Fla. 1972, 270 So.2d 6. In the latter cited case, our supreme court has held the standard of proof required in a case of this kind is “ . . . ‘beyond a reasonable doubt.’ ” See, also In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. V. v. City of New York, supra, decided the standard of proof required in the adjudicatory phase of a child delinquency proceeding where the act charged did constitute a crime if committed by an adult. Likewise, in the well-known case of In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Supreme Court of the United States, interpreting the due process clause of the Fourteenth Amendment, concluded a juvenile was entitled to notice of the delinquency charges, a right to compel confrontation by his accusers and the right to remain silent.
In the case sub judice, D.H. is charged with the commission of a felony and, if adjudicated to be a delinquent child under Chapter 39, Florida Statutes, he would be subject to the sanctions provided in that law which include confinement. Therefore, he may stand to lose his freedom. Certainly under those circumstances it cannot be reasonably argued that an adjudication hearing is not a critical stage in the adversary process of D.H.
We believe that the trial court’s decision to dismiss the petition on authority of E. P., supra, is well founded. We point out, however, that in the cited case the child had been adjudicated to be a delinquent child on a charge of manslaughter by culpable negligence; that he was examined by a psychologist who found him to be a mentally and academically retarded child. Chief Judge Owens, writing the majority opinion in behalf of the court, stated:
. Despite the fact that the courts have with consistency recognized the civil character of juvenile proceedings, nonetheless, it is now well established that in delinquency proceedings based upon a charge of violation of criminal law (which if proved could lead to loss of liberty) criminal due process standards apply at the adjudicatory stage of the proceedings the same as though the juvenile were standing trial in the criminal court on the alleged offense. (citations omitted) (291 So.2d 238, p. 239).
The court, in the cited case, applied the Common Law rebuttable presumption and reversed the ruling of the juvenile court for the reason that the state had failed to offer evidence which would reasonably tend to overcome the presumption of incapacity.
In the case sub judice, as we mentioned, the state elected not to offer any evidence on capacity of D. H. to commit the offense with which he was charged.
*603 Lastly, we mention that appellant insists that the Common Law presumption cannot be applied because the Legislature of the State of Florida in 1941 passed Chapter 39, Florida Statutes (amended in 1973). In reading the act, supra, we find nothing therein that either abolishes or renders nugatory the rule of presumption, supra, and we are persuaded this insistence is without merit.
The statutory law of this state is clear.
2.01 Common law and certain statutes declared in force.- — -The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the constitution and laws of the United States and the acts of the legislature of this state.
For the reasons above stated, the ruling of the trial court is
Affirmed.
HOBSON, A. C. J., and GRIMES, J., concur.

. Section 39.05, Florida Statutes, 1971.

. Another minor was charged in the same petition but that matter is not before us.