327 So.2d 820 (1976)
In Interest of K.P., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. Z-343.
District Court of Appeal of Florida, First District.
February 20, 1976.
Rehearing Denied March 26, 1976.
Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
*821 BOYER, Chief Judge.
The primary question presented in this appeal is whether the rebuttable common law presumption that a child under the age of 14 is presumed to be incapable of committing a crime is applicable to juvenile court proceedings in Florida.
Although there is no transcript of the testimony adduced at the delinquency hearing below, the reconstructed record as attested to by the trial judge indicates that appellant on March 2, 1975, took and removed a lawn mower from the property of Stanley Flook without the owner's knowledge, permission, or consent. The lawn mower was subsequently located but had been dismantled. At the time the alleged offense occurred, appellant was 12 years old. He was 13 years of age at the time of the delinquency hearing. His counsel argued at the hearing for a judgment of acquittal on the grounds that the State had failed to present any evidence other than the crime itself to rebut the common law presumption that a child under the age of 14 is incapable of committing a crime. The trial judge rejected this argument found defendant to be a delinquent child, and placed him on probation with the Division of Youth Services for an indeterminate period of time.
The presumption of incapacity developed at common law was designed to shield developing children from the full force of the criminal process. It was felt that children below a certain age had not the mental capacity to appreciate the wrongfulness of their acts. Thus, children below the age of seven years old were conclusively presumed not to have the capacity to commit a crime, while children between the ages of seven and fourteen were rebuttably presumed incapable of committing a crime. As a part of the common law, this rebuttable presumption has, by statute, been declared to be in force in this State; "provided, the said ... common law be not inconsistent with the constitution and laws of the United States and the acts of the legislature of this state." (F.S. 2.01)
Appellant argues that the rebuttable presumption of incapacity is not inconsistent with any statutory or constitutional provision and relies on two appellate decisions of this state directly on point. (In the Interest of E.P., Fla.App.4th 1974, 291 So.2d 238 and State v. D.H., Fla.App.2nd 1975, 309 So.2d 601.) Both cases specifically held that the common law presumption of incapacity to commit a crime was applicable to delinquency proceedings. The State disagrees with the foregoing two decisions, asserting that the presumption of incapacity is inconsistent with the provisions of Florida's Juvenile Court Act, (Chapter 39, Florida Statutes)
Ideally, the juvenile court system in Florida is designed to substitute for retributive punishment alternative methods of training and treatment designed to further the correction and rehabilitation of children who violate the laws and to provide for the care, guidance and control which will be conducive to the child's welfare and the best interests of society. (F.S. 39.001) Such purposes do not conform to the generally accepted characteristics of the "criminal process". In fact, it was the very attempt to depart from the traditional treatment of juvenile offenders as ordinary criminal defendants that led to the creation of juvenile courts throughout the country.
The common law presumption of incapacity, on the other hand, was available as a defense to children charged with crimes and susceptible to receiving punishment as if they were adults. The intent of the presumption was to afford juveniles some limited protection against the ordinary criminal process. Given the extensive protections afforded juveniles in Florida's Juvenile Court Act, the defense of incapacity would appear to be unnecessary. Moreover, the survival of the incapacity defense could act to defeat the juvenile *822 statute's effectiveness by preventing the reformation of children who successfully argue the defense. (See 34 Md.L.Rev. 178, "Juvenile Procedure  Common Law Presumption of Criminal Incapacity of Minors Under Age 14 Inapplicable to Juvenile Delinquency Proceedings" (1974).) Having examined the intent of both the common law presumption of incapacity and Florida's Juvenile Court Act, we conclude that the former is inconsistent with the latter and thus inapplicable to the instant proceedings.
Our disposition of the primary issue is not entirely dispositive of the instant appeal. Before this Court can affirm the decision of the lower court, the record must affirmatively support the lower court's finding that appellant is a "delinquent child" who is, under Florida law, "a child who commits a violation of law, regardless of where the violation occurs, except a child who commits a juvenile traffic offense and whose case had not been transferred to the circuit court by the court having jurisdiction." (F.S. 39.01(12)) It has been held that "a violation of law, regardless of where the violation occurred", is a violation of any law of the United States, of Florida, of another state, or of a city or town ordinance. (J.D.D. v. State, Fla.App. 4th 1972, 268 So.2d 457) But in order to show that there has been "a violation of law" by a juvenile the State must prove the same elements of the offense as would be required were the person charged an adult. (See In Re Glassberg, 1956, 230 La. 396, 88 So.2d 707 and In Re State In Interest of Unsworth, La. App. 4th 1973, 276 So.2d 337) The State, then, in a juvenile court delinquency proceeding does not have the burden of rebutting the common law presumption that a child between the ages of seven and fourteen is incapable of committing a crime, but when intent is an element of the offense charged it must demonstrate beyond a reasonable doubt that the child acted with the requisite intent at the time the act was committed.
Sub judice, the delinquency petition charged appellant with having committed an act which would have constituted the crime of petit larceny under F.S. 811.02. Under that statute, the State must show that the defendant acted with the intent to deprive or defraud the true owner of his real or personal property or the use and benefit thereof. Of course, the requisite criminal intent may be inferred from the circumstances. (Williams v. State, Fla.App. 4th 1970, 239 So.2d 127) The reconstructed record on appeal merely indicates that appellant took and removed the victim's lawn mower without the owner's knowledge, permission, or consent. The record further reveals that the lawn mower had been subsequently discovered but had been dismantled. There is no evidence in the reconstructed record as to who dismantled the lawn mower. This evidence falls short of a showing that appellant acted with the intent to drprive or defraud the owner of his property.
We, therefore, reverse and remand for a new hearing, at which time the State will be afforded an opportunity to present evidence pertaining to the issue whether appellant acted with the necessary criminal intent.
Reversed and remanded.
RAWLS and McCORD, JJ., concur.