332 So.2d 134 (1976)
R.D.C., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1265.
District Court of Appeal of Florida, Third District.
May 11, 1976.
Phillip A. Hubbart, Public Defender, and Elliott Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
The point presented on this appeal is whether the appellant, a juvenile respondent in a delinquency proceeding, was entitled to a judgment of acquittal when the State failed to present any evidence of his legal capacity to commit a crime. The hearing on the petition for delinquency revealed that the respondent had assaulted three elderly citizens and beaten one of the victims with a rock, thereafter grabbing a purse from another of the victims and fleeing with it. The respondent was twelve years of age on the date that the petition was filed. At the close of the State's case, the respondent moved for a judgment of acquittal alleging that the common law presumption of incapacity to commit a crime which attaches to children between the ages of seven and fourteen had not been overcome. The State took the position that the evidence of the crime was sufficient to overcome the presumption. The motion for acquittal was denied.
The common law rule concerning criminal responsibility of children was set out by the Supreme Court of Florida in Clay v. State, 143 Fla. 204, 196 So. 462 (1940):
* * * * * *
"It is well established at common law that a child under the age of 7 years is conclusively presumed to be incapable of committing a crime; the common law rule raises a presumption of incapacity of an infant between the ages of 7 and 14; and the presumption is that the incapacity after 7 years of age decreases with the progress of his years."
* * * * * *
In two recent cases, In Interest of E.P., Fla.App. 1974, 291 So.2d 238; and State v. D.H., Fla.App. 1975, 309 So.2d 601, the Fourth and Second District Courts of Appeal of Florida, respectively, have held that the presumption that a child between the ages of seven and fourteen is incapable of committing a crime applies to delinquency proceedings and in the absence of proof by the State of capacity, an adjudication must be reversed.
The District Court of Appeal, First District, in Porter v. State, Fla.App. 1976, 327 So.2d 820, has held that the common law presumption is not applicable to delinquency *135 proceedings. In that case, the court stated:
* * * * * *
"[2] The common law presumption of incapacity, on the other hand, was available as a defense to children charged with crimes and susceptible to receiving punishment as if they were adults. The intent of the presumption was to afford juveniles some limited protection against the ordinary criminal process. Given the extensive protections afforded juveniles in Florida's Juvenile Court Act, the defense of incapacity would appear to be unnecessary. Moreover, the survival of the incapacity defense could act to defeat the juvenile statute's effectiveness by preventing the reformation of children who successfully argue the defense. (See 34 Md.L.Rev., 178, `Juvenile Procedure  Common Law Presumption of Criminal Incapacity of Minors Under Age 14 Inapplicable to Juvenile Delinquency Proceedings' (1974).) Having examined the intent of both the common law presumption of incapacity and Florida's Juvenile Court Act, we conclude that the former is inconsistent with the latter and thus inapplicable to the instant proceedings."
* * * * * *
We believe that the reasoning in Porter v. State is the better and prevailing view. We, therefore decline to follow the first cited cases and hold in accordance with Porter v. State that proof of the capacity to commit a crime is not an essential requirement for an adjudication of delinquency under Fla. Stat. Chapter 39.
In Borders v. U.S., 256 F.2d 458 (5th Cir.1958), the United States Court of Appeals, Fifth Circuit, considered the application of the common law presumption as to criminal acts of children in relation to an adjudication of the Federal Youth Delinquency Act. That court affirmed the holding of the United States District Court of Northern Alabama in U.S. v. Borders, 154 F. Supp. 214 (N.D.Ala. 1957). In that case, the federal court followed what we believe to be the most common sense approach to the problem and urged the same conclusion as the District Court of Appeal, First District, quoted above. It is apparent that in dealing with an adjudication of delinquency, we are not dealing with a criminal proceeding and that although the United States Supreme Court has applied the standards of procedural due process and fair treatment to juvenile court proceedings, the presumption here sought to be imposed on juvenile delinquency proceedings has not been included as a requirement of procedural due process. See In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Nor do we think that the application of a common law presumption which was created by the courts as a safeguard in the criminal trial of juveniles in adult courts ought to be transposed to juvenile delinquency proceedings. These proceedings are, in their intent and nature, solely for the purpose of attempting to aid juveniles in throwing off the impending handicap of criminal adjudication. It would seem to be an unwarranted imposition upon the State to require proof of criminal capacity in order to aid a juvenile whose conduct has demonstrated his serious need for help.
We, therefore, hold that no error has been shown and the adjudication of delinquency is affirmed.
Affirmed.