340 So.2d 1163 (1976)
STATE of Florida, Petitioner,
v.
D.H., a Juvenile, Respondent.
Killum PORTER, Petitioner,
v.
STATE of Florida, Respondent.
R.D.C., a Juvenile, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 47298, 49254, 49586.
Supreme Court of Florida.
December 22, 1976.
Robert L. Shevin, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., for State of Florida, petitioner in No. 47298.
Judge C. Luckey, Jr., Public Defender, and Tim Moran, Asst. Public Defender, for D.H., respondent in No. 47298.
Louis G. Carres, Asst. Public Defender, for Killum Porter, petitioner in No. 49254.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton and Arthur Joel Berger, Asst. Attys. Gen., for State of Florida, respondent in No. 49254.
Phillip A. Hubbart, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for R.D.C., petitioner in No. 49586.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for State of Florida, respondent in No. 49586.
SUNDBERG, Justice.
These causes are before us on petitions for writ of certiorari granted to review conflicting decisions of several of the District Courts of Appeal. Article V, Section 3(b)(3), Florida Constitution.
*1164 In State v. D.H., 309 So.2d 601 (Fla.2d DCA 1975), the State filed a petition to have respondent, a nine-year-old minor, adjudicated a delinquent child, charging that respondent had participated in the breaking and entering of a store and had stolen a television set valued at less than $100. Respondent entered a plea of not guilty. Motion to dismiss was filed by respondent's counsel relying on the common law presumption of incapacity of a child between the ages of 7 and 14 to commit a crime. After hearing argument, the trial judge asked the State Attorney whether he intended to present evidence of capacity to which inquiry the State replied that its sole evidence would be the evidence of the crime itself. The trial judge thereupon granted the motion to dismiss. The District Court of Appeal, Second District, affirmed the trial judge, holding that the common law rebuttable presumption that a child between the ages of 7 and 14 is incapable of committing a crime applies to proceedings adjudicating a child to be delinquent under Chapter 39, Florida Statutes.
In Porter v. State,[1] 327 So.2d 820 (Fla. 1st DCA 1976), petitioner at age 12 took a lawn mower from the property of another without the owner's knowledge, permission or consent. The lawn mower was subsequently found but had been dismantled. At the delinquency hearing, petitioner's counsel argued for acquittal on the basis that the State had failed to present any evidence other than the crime itself to rebut the common law presumption that a child under the age of 14 is incapable of committing a crime. The trial judge, rejecting this argument, found petitioner to be a delinquent child and placed him on probation. Upon appeal, the District Court of Appeal, First District, concluded that the common law presumption of incapacity and Florida's Juvenile Act are inconsistent and therefore the former is not applicable to the instant proceedings:
"The intent of the presumption was to afford juveniles some limited protection against the ordinary criminal process. Given the extensive protections afforded juveniles in Florida's Juvenile Court Act, the defense of incapacity would appear to be unnecessary. Moreover, the survival of the incapacity defense could act to defeat the juvenile statute's effectiveness by preventing the reformation of children who successfully argue the defense." 327 So.2d at 821.
However, the District Court of Appeal, First District, reversed and remanded the cause for a new hearing since the evidence failed to show that appellant acted with the requisite intent to deprive or defraud the owner of his property.
R.D.C. v. State, 332 So.2d 134 (Fla.3d DCA 1976), involved a petition for delinquency alleging that petitioner, then 12 years of age, had committed robbery and assault with a deadly weapon without intent to commit murder. The hearing on the delinquency petition revealed that petitioner had assaulted three elderly citizens and beaten one of them with a rock, thereafter grabbing a purse from another of the victims and fleeing with it. Respondent moved for judgment of acquittal alleging that the common law presumption of incapacity to commit a crime attaching to children between the ages of 7 and 14 had not been overcome. The State posited that the evidence of the crime was sufficient to overcome the presumption. The trial judge denied the motion for acquittal. Upon appeal, the District Court of Appeal, Third District, affirmed and found that proof of the capacity to commit a crime is not essential for an adjudication of delinquency under Chapter 39, Florida Statutes.
The question now here for disposition is whether the common law rebuttable presumption that a child between the ages of 7 and 14 is incapable of committing a crime applies to delinquency proceedings. The answer depends upon a construction of the term "delinquent child" as defined by Section 39.01(12), Florida Statutes:
"`Delinquent child' means a child who commits a violation of law, regardless of where the violation occurs, except a child *1165 who commits a juvenile traffic offense and whose case has not been transferred to the circuit court by the court having jurisdiction." (Emphasis supplied)
The authority for Chapter 39, Florida Statutes, emanates from Article I, Section 15(b), Florida Constitution, which provides:[2]
"When authorized by law, a child as therein defined may be charged with a violation of law as an act of delinquency instead of crime and tried without a jury or other requirements applicable to criminal cases. Any child so charged shall, upon demand made as provided by law before a trial in a juvenile proceeding, be tried in an appropriate court as an adult. A child found delinquent shall be disciplined as provided by law." (Emphasis supplied)
It is clear that through adoption of the quoted constitutional provision as well as the predecessor provision in Article V of the Constitution of 1885 the people of this State determined that violations of law by children should not be treated as crimes but rather as acts of delinquency. Following the people's directive the Legislature provided for judicial treatment of juveniles in Chapter 39, Florida Statutes, wherein procedures are provided, inter alia, for determining whether a given child is dependent or delinquent. Sections 39.01(10) and (12), Florida Statutes. It is readily apparent that in its definition of "delinquent child" the legislature avoided use of the word "crime" and utilized instead the term "violation of law." This is perfectly consistent with the constitutional authority to treat violations of law as "an act of delinquency" as opposed to a "crime."
In construing Section 39.01(12), therefore, we find that the Legislature did not intend for the common law presumption with respect to "crimes" to operate in delinquency proceedings. Such construction is consistent with the purpose of juvenile proceedings, which are intended "to protect society more effectively by substituting for retributive punishment methods of training and treatment directed toward the correction and rehabilitation of children who violate the laws." Section 39.001(1). This common law presumption concerning crimes has no place in juvenile proceedings because its application in cases such as those at bar can very well frustrate the remedial purposes of reformation intended by Chapter 39, Florida Statutes. Where the presumption of incapacity is successfully maintained the child who may most need the care provided by the Act so as to be taught the capacity to refrain from anti-social behavior is deprived of that care.
We cannot accept the argument of counsel for the juveniles that Section 39.01(10),[3] *1166 Florida Statutes, solves the problem. This section enumerates the conditions under which the child may be adjudicated "dependent" and, therefore, brought into the juvenile system for the aid which it provides. Although "a child who commits a violation of law" may in some instances qualify under the definition of a "dependent child," it must be obvious that innumerable cases occur where a child who violates the law meets none of the criteria enumerated in Section 39.01(10). In every such event the child will "slip through the crack" with the child and society being the resultant losers.
A decision contrary to the one we reach today would fail to give credence to the remedial, parens patriae objects of Chapter 39, Florida Statutes.
We agree with the plurality opinion of the United States Supreme Court in McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), that the applicable due process standard in juvenile delinquency proceedings is fundamental fairness. While a juvenile is entitled to assistance of counsel, In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and to the standard of proof beyond a reasonable doubt, In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the Court has never held the full panoply of federal constitutional rights in criminal trials to be applicable to delinquency proceedings. In fact, McKeiver, supra, held that a juvenile was not constitutionally entitled to a jury trial in such proceedings. We believe that the legislative removal of the common law presumption against juvenile commission of crime in delinquency proceedings comports with the applicable fundamental fairness standard.
Accordingly, the petition for writ of certiorari to the Second District Court of Appeal in State v. D.H., supra, Case No. 47,298, is granted, the decision of that court is quashed, and the cause is remanded for further proceedings not inconsistent herewith. In Porter v. State, Case No. 49,254, and in R.D.C. v. State, Case No. 49,586, the District Court decisions are approved, and writs of certiorari are discharged.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, HATCHETT and DREW (Retired), JJ., concur.
NOTES
[1] This case was styled In the Interest of K.P. v. State in the court below.
[2] The predecessor constitutional authority for judicial treatment of juveniles was Article V, Section 12 of the Constitution of 1885 which provided in pertinent part:

"The Legislature shall have power to create and establish juvenile courts in such county or counties or districts within the state as it may deem proper, and to define the jurisdiction and powers of such courts and the officers thereof, and to vest in such courts exclusive original jurisdiction of all or any criminal cases where minors under any age specified by the Legislature from time to time are accused, including the right to define any or all offenses committed by any such persons as acts of delinquency instead of crimes. ..." (Emphasis supplied)
[3] "`Dependent child' means a child who:

(a) Has been abandoned by his parents or other custodians.
(b) For any reason, is destitute or homeless.
(c) Has not proper parental support, maintenance, care, or guardianship.
(d) Because of the neglect of his parents or other custodians, is deprived of education as required by law, or of medical, psychiatric, psychological, or other care necessary for his well-being.
(e) Is living in a condition or environment such as to injure him or endanger his welfare.
(f) Is living in a home which, by reason of the neglect, cruelty, depravity, or other adverse condition of a parent or other person in whose care the child may be, is an unfit place for him.
(g) Is surrendered to the Division of Family Services or a licensed child-placing agency for purpose of adoption.
(h) Has persistently run away from his parents or legal guardian.
(i) Being subject to compulsory school attendance, is habitually truant from school."