359 So.2d 1077 (1978)
STATE of Louisiana in the Interest of Kenneth BATISTE and David James Cormier.
No. 6493.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1978.
Rehearing Denied July 5, 1978.
Robert L. Cole, Lafayette, for defendants-appellants.
Frances M. Gilfoil, Lafayette, for plaintiff-appellee.
Before WATSON, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
This is an appeal from a juvenile proceeding in which Kenneth Batiste and David Cormier were adjudicated delinquents under LSA-R.S. 13:1570 A(5).
The petition alleged that Kenneth Batiste and David James Cormier
1. "are delinquent as defined by the Laws of the State of Louisiana, in that they did on August 28, 1977 attempt to commit theft of a bicycle belonging to Richard Johanssen in violation of the provisions of RS 14:27(67)."
The petition further alleged that
2. "Kenneth Batiste did on July 25, 1977 commit theft of a Schwinn 27" bicycle valued at $78.00 belonging to Coley Ferman in violation of the provisions of RS 14:67."
Additionally, Batiste was charged with violation of his parole.
*1078 The court found Kenneth Batiste and David Cormier guilty of attempted theft. Kenneth Batiste was also found guilty of unauthorized use of movables under the theft charge.
They were both declared delinquent and Batiste was recommitted to the Department of Corrections, Louisiana Training Institute, "to serve the maximum time authorized by law." Cormier was also committed to the Department of Corrections, Louisiana Training Institute, which commitment was suspended and Cormier was placed on supervised probation.
Appellant urges several assignments of error, but we have determined that it will be necessary to discuss only two of these.
Appellant contends that the petition is fatally defective in that it charged attempted theft under LSA-R.S. 14:27(67) but failed to allege any value. Appellant contends that value is an essential element of the crime of attempted theft and value must be proven beyond a reasonable doubt.
LSA-R.S. 14:67 defines the crime of theft as follows:
"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential." (Emphasis added)
The penalty for theft depends on the value of the object stolen. If the value is less than $100.00, the violation is classified as a misdemeanor; if $100.00 or more in value, it is a felony. The penalty for attempted theft[1] states that if the offense attempted is a misdemeanor theft, the maximum commitment time is six months. If such attempted offense is a felony theft, the maximum commitment time is one year.
LSA-R.S. 13:1580 A(2)(a) provides as follows:
"A child over the age of thirteen who has been adjudged a proper person for commitment, based on the finding of delinquency, may be confined for an indefinite period, but in no case beyond his twenty-first birthday. However, no such child shall be confined for a period which exceeds the length of time for which an adult could be confined if convicted of the offense which formed the basis for the adjudication of delinquency. . ." (Emphasis added)
The above provision reflects that a child over thirteen who is adjudged a delinquent shall not be institutionalized for a period which exceeds that of an adult who may be convicted of the same offense. Since the value of property controls the grade of the offense and the maximum sentence of an adult found guilty of attempted theft, likewise, under this provision, value determines the maximum confinement time of a juvenile. Value is an essential element of attempted theft and must be alleged, proven beyond a reasonable doubt, and a finding made of same. There is no allegation of value in the attempted theft charge against these two juveniles, nor any proof thereof. Every element of the crime charged must be proved beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); In re Glassberg, 230 La. 396, 88 So.2d 707 (1956); In re Hampton, 257 So.2d 459 (La.App. 1st Cir. 1972).
It is further contended that the trial court erred when it found Batiste guilty of unauthorized use of a movable in response to the charge of theft. A verdict of unauthorized use of movables is responsive to *1079 the charge of theft under the provisions of Louisiana Code of Criminal Procedure Article 814. We find, however, that LSA-R.S. 13:1579.1 provides that juvenile hearings shall be conducted in accordance with the general rules of procedure in civil proceedings. The provisions of the Code of Criminal Procedure are not applicable. See also State in the interest of Braswell, 294 So.2d 896 (La.App. 2nd Cir. 1974), writ denied 296 So.2d 836 (1974); In re State in interest of Tyler, 262 So.2d 815 (La.App. 4th Cir. 1972); In re Tillotson, 225 La. 573, 73 So.2d 466 (1954). Since the provisions of the Code of Criminal Procedure are inapplicable, a verdict of guilty of unauthorized use of movables is not responsive to a theft charge in juvenile proceedings. Such a verdict could not be a valid basis for an adjudication of delinquency.
The State argues that such finding is authorized by Code of Civil Procedure Article 862 which provides that:
"A final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contained no prayer for general and equitable relief."
This argument is without merit. In the case of State of Louisiana in the interest of Simon, 295 So.2d 473 (La.App. 3rd Cir. 1974), this court made the following observation:
"Notice of the specific charges against an accused, whether adult or juvenile, is fundamental to the law of the State of Louisiana and that of the United States. The Louisiana Constitution of 1921 requires an accused to be informed of the nature and cause of the accusation against him. Article 1, Section 10. Louisiana statutory law requires that a juvenile and his parents be informed of a specific charge against the youth. LSA-R.S. 13:1574, 13:1575. This is in accord with the notions of due process of law as provided by the Fourteenth Amendment of the Constitution of the United States. The United States Supreme Court, speaking of due process, has said:
`It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet." Application of Gault, supra, 387 U.S. 1, 87 S.Ct. 1428 at 1447, 18 L.Ed.2d 527.
"This rule has been recognized in Louisiana. Judge Ellis writing for the First Circuit in In re State in Interest of Hampton, 257 So.2d 459 (La.App. 1 Cir. 1972), summarized the requirement as follows:
`. . . a juvenile may not be adjudged delinquent unless his guilt of the specific charges against him is shown in accordance with the foregoing principles. That is, a judge may not make a finding of delinquency based on misconduct other than that which is set forth in the petition. This would violate the constitutional right of the juvenile to be notified of the charges against him.' 257 So.2d 459 at 460."
We conclude that the finding of delinquency of the two juveniles was based upon a defective petition and proceedings; therefore disposition by the trial court is null.
For the foregoing reasons, the adjudications of delinquency and orders of commitment are reversed, the appellants discharged, and the petition of the State in the interest of appellants dismissed.
ANNULLED, APPELLANTS DISCHARGED, PETITION DISMISSED.
NOTES
[1] Attempted theft in LSA-R.S. 14:27(67) contains the following penalty provision:

"D. Whoever attempts to commit any crime shall be punished as follows:
* * * * * *
"(2) If the offense so attempted is theft. . ., and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft . . ., and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both;".