CHIASSON, Judge.
This is an appeal by Todd Quatrevingt from a juvenile proceeding adjudging him a juvenile delinquent for violation of La.R.S. 14:89, crime against nature.
At the time of the alleged incident, Todd was a sixteen year old male and the two victims were boys, ages six and eight. The incident allegedly occurred on January 28, 1980 about six o’clock in the evening in a field behind the home of one of the victims.
The defendant contends that the State failed to prove the alleged violation beyond a reasonable doubt.
La.R.S. 14:89 reads in part, as follows: “Crime against nature is the unnatural carnal copulation by a human being with another of the same sex or opposite sex or * * *. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.”
This court has held “. . . that the burden of proving the charges against a juvenile is no less severe than that of proving charges against an adult. Every element of the crime charged must be proved beyond a reasonable doubt.” In Re State in Interest of Hampton, 257 So.2d 459 (La.App. 1st Cir. 1972). See also La.C.J.P. art. 73.
Testifying at the adjudication were the two victims who stated with sufficient detail the events that took place that evening. In addition, the sister of one of the victims testified as to the conduct of the defendant in exposing himself to the young boys and the acts that followed. It was stipulated that the other little girl who was present when the incident occurred would testify the same as the girl who did testify.
*235 From their testimony, considering the ages of the victims and of the witnesses, the State met its burden of proving beyond a reasonable doubt every essential element of the crime. The defendant was properly identified and the testimony established that there was oral-genital copulation proscribed by the statute. Defendant’s contention that the testimony fails to show any penetration whatsoever is without merit. Further, our Supreme Court has held that “ ‘any actual joining or connection of a genital organ of one person and the mouth of another’ constitutes the crime. State v. Young, 249 La. 1053, 193 So.2d 243, 245 (1966).” State v. Phillips, 365 So.2d 1304, 1308 (La.1978).
For these reasons, the adjudication of Todd Quatrevingt as a delinquent is affirmed.
AFFIRMED.