PLOTKIN, Judge.
This is an appeal by Robert Claiborne Jr. from a juvenile proceeding adjudging him a delinquent for violation of LSA-R.S. 14:89.-1, relative to aggravated crime against nature. He claims the state failed to prove the charged offense. We affirm.
The victim in the instant case was approached by Claiborne and another man early in the morning on June 19, 1986 as she walked down Esplanade Avenue between Royal and Chartes streets toward her home. Claiborne showed the victim a knife and asked for her money. The other man searched the victim’s shoulder bag, and the victim gave Claiborne two $1 bills, which she had in her pocket. The two men then forced the victim to accompany them down Esplanade to Royal and to the 2400 block of Royal, where they forced her into an alley between two houses.
Once inside the alley, the two men pulled the victim’s T-shirt up over her head so that she could not see what was happening. Claiborne then stood watch while the other man raped the victim vaginally, from behind. Thereafter, the other man stood watch while Claiborne attempted to rape the victim. He was unable to obtain an erection and pushed the victim to the ground. He cut her bra off of her body with the knife, then forced her to perform oral sex on him. She testified at trial that she was not cooperative and that she clenched her teeth together to prevent the oral sex. However, she stated unequivocally twice during her testimony that Claiborne did place his penis in her mouth. When pressed on cross-examination, the victim stated that Claiborne was only able to “get passed [her] lips to [her] teeth,” that he did not get to her throat and that she did not lick him. Claiborne held the knife to the victim’s throat during the entire attack. The victim yelled for help when she saw someone pass the alley during the attack. When the police arrived shortly thereafter, Claiborne was still hovering over the victim, although the police did not see him until he left the alley.
Claiborne was found guilty of aggravated crime against nature and sentenced to the custody of the Department of Corrections until he reaches his twenty-first birthday on October 30, 1990. Although Claiborne makes a single assignment of error in this appeal, he presents two arguments in brief. First, he claims that his conduct is proscribed by LSA-R.S. 14:43.3 and 14:43.4, relative to oral sexual battery and aggravated oral sexual battery, and that he therefore could not be convicted under the LSA-R.S. 14:89.1. Second, he alleges that the State failed to prove all the necessary elements of the crime because it failed to prove penetration, and that therefore he *39 could only have been found guilty of an attempted crime against nature.
LSA-R.S. 14:89 provides, in pertinent part, as follows:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal.... Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
LSA-R.S. 14:89.1 then defines the circumstances under which a crime against nature is considered aggravated. Since Claiborne admits that his act was aggravated, apparently because of the presence of the knife, it is unnecessary for us to discuss those circumstances.
Claiborne alleges first that he was not properly charged under LSA-R.S. 14:89.1 because the conduct of which he was accused is prohibited by LSA-R.S. 14:43.3 and R.S. 14:43.4. LSA-R.S. 14:43.3, dealing with oral sexual battery, provides as follows:
Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender, or
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
LSA-R.S. 14:43.4 simply defines the facts and circustances under which an oral sexual battery is considered aggravated.
Claiborne’s contention that he should have been charged under LSA-R.S. 14:43.3 and R.S. 14:43.4 fails for two reasons. First, there is no proof in the record that the victim in the instant case was under 15 years of age and three years younger than Claiborne, who was 15 himself at the time of the incident. In fact, the record evidence indicates that the victim was definitely more than 12 years of age at the time of the crime since she held a waitress job and she had been to a bar before the crime occurred. Second, and more importantly, even assuming that the facts of Claiborne’s crime did fit the requirements of the oral sexual battery statutes, that fact would not preclude the district attorney from charging him under the crimes against nature statutes, if the crime also fits the requirements of those statutes.
It is well settled in Louisiana caselaw interpreting the crimes against nature statute that oral sex is proscribed by the statute as well as the oral sexual battery statute. In considering the constitutionality of the crimes against nature statute, the state supreme court stated, in State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979) as follows:
The statutory terms defining the crime as “unnatural carnal copulation” involving the “use of the genital organ of one of the offenders” have acquired historically and jurisprudentially a definite meaning. As between human beings, it refers only to two specified sexual practices: sodomy (anal-genital intercourse of a specified nature ...) and oral-genital activity (whereby the mouth of one of the participants is joined with the sexual organ of the other participant).
Id. at 1305-06.
Therefore, Claiborne’s contention that his actions cannot be proscribed by LSA-R. S. 14:89.1 because they are proscribed by LSA-R.S. 14:43.3 and 14:43.4 has no merit. If it were true that the district attorney could have chosen to charge him under the oral sexual battery statutes, when the facts and circumstances of a particular crime indicate that the perpetrator is guilty of violation of more than one crime, determination of which crime to charge him with becomes discretionary with the prosecu *40 tion. Therefore, we reject Claiborne’s first contention.
We also reject Claiborne’s claim that the State failed to prove all the necessary elements of the charged crime against nature because it failed to show penetration fails. Penetration is not one of the elements of oral crime against nature. The Supreme Court has defined the oral-genital copulation proscribed by the crimes against nature statute as “any actual joining or connection of a genital organ of one person and the mouth of another.” Id. at 1308; State v. Young, 249 La. 1053, 193 So.2d 243, 245 (1966). That definition does not require any showing of penetration. State in the Interest of Quatrevingt, 393 So.2d 234, 235 (La.App. 1st Cir.1980).
Our review of the evidence presented at trial reveals that the State proved by a preponderance of the evidence that Claiborne’s genitals were “joined” or “connected” with the mouth of the victim. The lips are a part of the mouth. The fact that Claiborne was unable to “get passed” the victim’s teeth does not mean that he was unable to violate the statute in question.
For the reasons stated above, the adjudication of Claiborne as a delinquent is affirmed.
AFFIRMED.